## ROUNDTREE & KIRBY vs. SNODGRASS.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Liability of administrator for interest; presumption in favor of judgment.*—On appeal from a judgment of the circuit court, reversing a decree of the probate court,—by which decree an administrator was charged with interest on the money in his hands, although he made the statutory affidavit, (Code, § 1813;) if the record does not show, by bill of exceptions or otherwise, the evidence which was before the probate court, the appellate court will presume that the evidence justified its decision.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN GILL SHORTER.

THE record in this case shows the following facts: On the 29th May, 1857, the probate court of Jackson granted special letters of administration on the estate of Mary Bird, deceased, to John Snodgrass, and afterwards granted letters of administration in chief to C. B. Roundtree and S. P. Kirby. In February, 1859, Snodgrass made a final settlement of his special administration, and, on that settlement, was charged by the probate court with interest on the money in his hands. From this decree he prosecuted an appeal to the circuit court, where the decree of the probate court was reversed, on the ground that, having made the statutory affidavit denying that he had used the funds in his hands, he ought not to have been charged with interest. From the judgment of the circuit court the administrators in chief now appeal, and here assign the same as error. The transcript from the records of the probate court, on which the action of the circuit court was founded, and which is made a part of the transcript filed in this court, contains an affidavit by said special administrator, purporting to have been sworn to before the probate judge on the same day the decree was rendered, denying that he had used the funds of the estate for his private purposes; but the decree nowhere refers to

13

this affidavit, nor is there any bill of exceptions in the record.

WALKER & BRICKELL, for appellants.

ROBINSON & JONES, *contra.*

A. J. WALKER, C. J.—Section 1813 of the Code relieves an administrator from the presumption of a liability for interest, upon his making a prescribed affidavit, but authorizes a contestation of the affidavit. If it be conceded that the prescribed affidavit, which is copied into the transcript, is a part of the record, the decree of the probate court, in reference to the charge of interest, must nevertheless, in a revising tribunal, be deemed correct. The record gives us no information, by bill of exceptions or otherwise, as to the evidence before the probate court; and we must intend that there was evidence successfully controverting the affidavit, and that the court decided correctly, rather than that the affidavit was uncontested, and that the court erred.—*Doe ex dem.* School Com'rs v. Godwin, 30 Ala. 242; Fleming v. Ussery, *ib.* 282; Lovett v. Chisolm, *ib.* 88; Shepherd's Digest, 572.

The judgment of the circuit court is reversed, and the cause remanded to that court.