[Hunt v. Johnson, Parke & Co.]

# Hunt *v.* Johnson, Parke & Co.

*Action on Bill of Exchange, by Payee against Acceptor.*

1. *Trial by court without jury; failure to demand jury.*—In an action at law in the City Court of Selma, a demand by the defendant for a trial by jury is properly refused, when such a demand is made after a demurrer to the complaint has been filed, no such demand having been made in writing by endorsement upon the summons and complaint, or upon the demurrer at the time of the filing thereof, as required by the provision on that subject in the act creating the City Court of Selma (Sess. Acts 1875–76, p. 586.)

2. *Statute of frauds; insufficient plea.*—When the defendant is sued as the acceptor of a draft drawn upon him in favor of the plaintiff, the complaint describing the draft according to its tenor but not setting it out *in hæc verba*, a plea that "the engagement or debt sued on was a promise to assume for the debt, default, or miscarriage of another," is bad, in that it fails to aver that the contract sued on was not evidenced by a writing signed by the defendant and expressing the consideration.

3. *Consideration for acceptance of draft; need not move from payee.* The consideration to support an acceptance of a draft is none the less sufficient because it moves from the drawer, and not from the payee.

4. *Unconditional acceptance of a draft or bill of exchange.*—The unconditional acceptor of a draft or bill of exchange is the primary debtor thereon, and as such he is not entitled to presentation or demand of payment, or endorsement by the payee.

5. *Setoff against bill of exchange; claim sounding in damages merely.* In an action upon an acceptance of a bill of exchange, the defendant, the acceptor, can not set off a claim sounding in damages merely.

6. *Error without injury in overruling objection to question.*—Though a question asked by the plaintiff is itself improper, yet if the answer it elicits tends directly to support the defendant's plea upon which issue has been joined, the overruling of the defendant's objection to the question alone is error without injury.

7. *Relevancy of evidence to negative existence of condition in contract.* In action by the payee against the acceptor of a bill of exchange, the case being tried mainly on the issue whether the defendant's acceptance was conditional upon the doing of certain work for him by the drawers, evidence that after the bill of exchange matured the defendant requested the plaintiff to extend time on it, and in the conversation on that subject said nothing about any conditions or qualifications, is competent as tending to negative the existence of such condition.

8. *Admissibility of one party's conversation with a stranger, in the absence of the other party.*—Evidence of a conversation between a stranger and the defendant, in the absence of the plaintiff, is not admissible against plaintiff.

9. *Contemporaneous parol agreement varying effect of written contract.* In an action by the payee of a bill of exchange upon the defendant's acceptance thereof, the defendant can not set up a parol contempor-

aneous agreement to negative his liability on his unconditional written acceptance.

10. *Revision of finding and judgment on the facts.*—On appeal from a judgment in an action at law, which was tried without the intervention of a jury, there can be no review by this court of the finding and judgment on the facts, when it affirmatively appears that the bill of exceptions does not contain all the evidence adduced on the trial.

APPEAL from the City Court of Selma.

Tried before the Hon. JONATHAN HARALSON.

This action was brought by Thomas M. Johnson, Julian B. Parke and James B. Jones, suing as partners composing the firm of Johnson, Parke & Co., against William H. Hunt, as the acceptor of a bill of exchange. The complaint claimed $375.68-100 and interest, "due on a bill of exchange drawn by Bowles & Gerald on the 14th day of March, 1891, for three hundred and seventy-five 68-100 dollars, upon the defendant, and accepted by him, payable to the plaintiffs by their said firm name one month after date thereof."

The defendant filed a demurrer to the complaint on the 3d day of June, 1891, and at that time he did not demand a jury. Afterwards, on the 4th day of June, he filed a demand for a jury, which demand the court disallowed because it was not made until after the demurrer had been filed; and the defendant excepted. The case was tried without a jury.

The court having overruled the demurrer to the complaint, which action was not assigned as error, the defendant filed fourteen pleas. The first and third pleas, each, was a general denial of the allegations of the complaint; and issue was joined on them. The second, fourth and eighth pleas, each, set up that the draft sued on was accepted by the defendant subject to a condition therein stated, which was known to the plaintiff, and that the stated condition had not been performed; and issue was joined on them. The fifth plea was one of payment, and the tenth plea was "want of consideration;" and issue was joined on them.

The sixth, seventh, ninth, eleventh, twelfth and thirteenth pleas were as follows: (6.) "The defendant for further answer to the complaint says: That the engagement or debt sued on was a promise to assume for the debt, default, or miscarriage of another." (7.) "That the bill of exchange in said complaint mentioned was endorsed or accepted by the defendant in blank as an accommodation acceptor or endorser, and defendant avers that said bill of exchange was given to plaintiffs, the payees of said bill of exchange, in

payment of an antecedent debt of said Bowles & Gerald, and for no other consideration; and defendant also avers that no memorandum or other writing, expressing the consideration of said acceptance or endorsement, was ever signed by this defendant. Wherefore this defendant pleads the statute of frauds." (9.) "That there was a want of consideration moving from the plaintiffs to defendant, for the acceptance by him of the said draft sued on in said complaint." (11.) "That the draft or bill of exchange was not presented to the defendant at maturity for payment." (12.) "That he claims the following set-off, that is to say : that, at the time said bill of exchange was made, and contemporaneously therewith, there was a contract by which plaintiffs, the payees of said draft or bill of exchange, agreed to release said defendant from all liability, if the work agreed to be done by said Bowles & Gerald should not be completed; and defendant avers that said work was never completed as agreed by said Bowles & Gerald, and, notwithstanding said agreement aforesaid, plaintiffs protested said draft, thereby greatly damaging and injuring defendant's credit, to-wit, in the sum of three hundred and seventy-five 60–100 dollars, which said sum defendant asks to be set-off against plaintiffs' demand." (13.) "That the draft sued on in said complaint was not made payable at any particular place or banking house, and that, at the time said draft was presented to defendant, the same was not endorsed by plaintiffs, the payees of said draft." The fourteenth plea was substantially the same as the thirteenth.

The following replications were filed to the seventh plea : (1.) That at the time said draft was drawn by Bowles & Gerald and accepted by said defendant, the said defendant was indebted to said Bowles & Gerald in the amount of said draft, and said Bowles & Gerald were indebted to these plaintiffs in the amount of said draft. And said draft was drawn by the said Bowles & Gerald, and accepted by said defendant, for the purpose of paying said indebtedness." (2.) "That at the time said draft was drawn by the said Bowles & Gerald, and accepted by the said defendant, the said Bowles & Gerald were indebted to the said plaintiffs in the amount of said draft or bill, and the said defendant did then and there inform these plaintiffs that he, said defendant, was indebted to said Bowles & Gerald to the amount of said draft or bill, and that plaintiffs took said draft or bill, relying on said statement to them of said defendant." Issue was joined on these replications.

The plaintiffs demurred to the eleventh plea, on the

[Hunt v. Johnson, Parke & Co.]

ground, "that the plaintiffs were not required to present said draft to the defendant for payment, he being the acceptor thereof;" to the ninth plea, on the ground, "that the plea does not aver that want of consideration required by law;" to the twelfth plea, on the ground, "that the plaintiff had a right to protest said bill for non-payment, and, (2) because said plea sounds in damages merely;" to the twelfth plea, on the ground, "that said plea is an attempt to plead the statute of frauds, without setting out the averments necessary to sustain such a plea." Each of these demurrers was sustained; as was also a demurrer to the thirteenth and fourteenth pleas, on the ground, "that it was not required or necessary that said draft should have been endorsed by the plaintiffs at the time set out in said complaint."

The bill of exceptions expressly states that it does not contain all the evidence, or all the testimony of either of the witnesses who were examined.

The plaintiff introduced one Gerald, a member of the firm of Bowles & Gerald, who testified, among other things: "I went to see Hunt and told him I came in to see him in regard to protest on the draft. He remarked, 'What do you want to know about it? You have nothing to do with it. The matter rests between myself and Johnson, Parke & Co?' He further stated, that as far as the amount due was concerned, he had the money to pay that draft, and then have a small balance due Bowles & Gerald. He then said that, as far as Bowles & Gerald were concerned, they were all right; that Johnson, Parke & Co., had not treated him right, and that he proposed to make them sweat; that when they got their money, they would get it through process of law." The defendant objected severally and separately to each portion of the foregoing conversation, on the grounds: (1.) That it was immaterial and illegal; (2.) That it was irrelevant and did not relate to the issue. The court overruled the objection, and the defendant excepted.

The defendant offered to prove by himself, and also by one Patterson, a conversation between the defendant and said Patterson, which occurred immediately after a conversation between the defendant and one of the plaintiffs, when the defendant accepted the draft sued on, but which was not in the presence or hearing of either of the plaintiffs; in which the defendant told Patterson what he had done, and what he had said to Parke, one of the plaintiffs, in reference to the draft here sued on, which he had accepted. The plaintiffs objected to the proposed evidence,

because it was illegal and hearsay, and because defendant proposed to prove declarations about a conversation with Parke, one of the plaintiffs, when Parke was not present, thereby evoking evidence for himself. The court sustained the objections, and the defendant excepted.

Judgment was rendered for the plaintiff, and the defendant appeals.

JEFFRIES & JEFFRIES, for the appellant.

H. S. D. MALLORY, contra.

McCLELLAN, J.—This action was instituted in the City Court of Selma. The act creating that court provides that suits commenced therein "shall be tried by the court, without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit, or by the defendant at the time of filing his plea or demurrer, by endorsing such demand in writing on the summons and complaint, plea or demurrer."—Acts of 1875-6 p. p. 586, 590. No endorsement of a demand for a jury was made on the summons and complaint, or on the demurrer to the complaint, which was filed June 3, 1891. By thus pretermitting the demand which the statute prescribes, both parties effectually waived a trial by jury, and the defendant can not complain of the court's action in refusing his demand for a jury made after his right thereto had been forever lost.

This action is prosecuted by Johnson, Parke & Co., against William H. Hunt on the latter's acceptance of a draft drawn on him by Bowles & Gerald in favor of the plaintiffs. The paper is described in the complaint according to its tenor but is not set out in hæc verba therein. It was manifestly no defense to the cause of action thus stated that "he engagement or debt sued on, was a promise to assume for the debt, default or miscarriage of another," which is the matter of defense set up in defendant's sixth plea. The plea was bad in that it failed to aver further that the contract sued on was not evidenced by a writing signed by the defendant and expressing the consideration for the promise to answer for the alleged debt, default or miscarriage of another. The demurrer to it was properly sustained.

It is not necessary to support a contract that its consideration should move from the promisee to the promisor in the sense of defendant's ninth plea. The consideration is none the less sufficient if it move from a third party to the

promisee, as in the case at bar, where the consideration for Hunt's obligation to plaintiffs was the payment of the former's indebtedness to Bowles & Gerald, and as is always the case where the liability arises on an acceptance not merely for accommodation.

The unconditional acceptor of a bill of exchange, like the maker of a promissory note, is the primary debtor and is not entitled to presentation or demand for payment before suit brought. His obligation to pay is absolute and in no sense dependent upon a demand therefor at maturity; and of consequence it is no defense to him that no presentment at maturity is made, or that the only presentation or demand for payment before suit was made by a party to whom the paper had not been endorsed.—1 Dan. Neg. Inst., § § 641 *et seq.* ; 2 Amer. & Eng. Encyc. of Law, p. 399. Pleas 11, 13 and 14, which rely upon the failure of plaintiffs to present the bill sued on for payment at maturity, were therefore bad.

The matter alleged in the twelfth. plea is no defense to this action. The claim there advanced as a setoff against the debt laid in the complaint sounds in damages merely, could not be recovered in an action of debt or assumpsit and, hence, can not be pleaded as a setoff against such action. The court did not err in sustaining a demurrer to this plea.—3 Brick. Dig., p. 738, §§ 1 *et seq* ; *Nelms v. Hill.* 85 Ala. 583.

On the cross-examination of one of the plaintiffs as a witness in their behalf, the defendant was allowed against plaintiff's objection to ask this question: "Was there or not any consideration for Hunt's accepting this draft other than the consideration of the account owed Johnson, Parke & Co. by Bowles & Gerald ?" To this the witness replied : "None." If there was any error in allowing plaintiffs on rebuttal to ask this witness what he understood by the word "consideration" in the interrogatory quoted above, it could not possibly have involved injury to the defendant, since the answer was : "I thought by that word that Hunt was to receive nothing for what he did for Johnson, Parke & Co.," which tended directly to support the defense of want of consideration; and for this reason, probably, the objection to the question was not followed up by a motion to exclude the answer.

The case being tried mainly on the issue whether defendant's acceptance was conditional upon the doing of certain work for him by the drawers, it was manifestly competent as tending to negative such condition for the plaintiff

[Hunt v. Johnson, Parke & Co.]

to show that on the day the draft matured the defendant asked for an extension of time on it on the ground that he did not have the funds to meet it then, and that in this conversation with one of the plaintiffs, "he did not say anything about not owing the draft, or about any conditions or qualifications as to its payment," but "only spoke about extending it." The testimony of the witness Gerald tended in like manner to negative the idea that the draft was accepted conditionally and also to show that there was a valuable consideration moving from Bowles & Gerald to defendant for his acceptance of this draft. This testimony was properly admitted.

The conversation between Patterson, a stranger to the cause, and the defendant, to which the latter sought to testify, was inadmissible. Neither of the plaintiffs was present or heard what was said. What was said could not have had any reference to any act then being or about to be done by the defendant in connection with the matters involved in this suit. What then passed could have been nothing more than the uncommunicated declarations of the defendant made in his own interest under circumstances which did not bring them within the *res gestæ* of any relevant act or transaction, or the declarations of a mere stranger. The rights of the plaintiffs could in no wise have been affected by a consideration of these declarations, and they were well excluded as being wholly immaterial and irrelevant.

A motion for a new trial was made, but upon what grounds, or how supported, we are not advised. Of course, therefore, we can not say that the court erred in overruling it.

It affirmatively appears that the bill of exceptions does not contain all the evidence which was adduced on the trial. We can not therefore review the court's finding and judgment on the facts.—*Hood v. Pioneer Mining and Manufacturing Co.*, 95 Ala. 461.

The issue on the eighth plea was a false one, but having been made up the court was bound to try upon it. That plea was bad in that it alleged a parol contemporaneous agreement to the effect that the acceptor was not to be liable unless Bowles & Gerald should complete certain work for him. We mention this here lest it might be supposed that we considered that a sufficient plea.

There is no error in the record; and the judgment of the City Court is affirmed.