# Dickson Bros. v. Bamberger, Bloom & Co.

*Action of debt on bond.*

1. *Witness cannot corroborate his testimony by his declarations made after the fact as to which he is testifying, and in the absence of the adverse party.*—In an action on a bond executed by defendants to plaintiff, one of defendants, after testifying that it, when executed, contained no designation of a place of payment, cannot, for the purpose of showing how this disputed fact was impressed on his mind, testify that shortly after execution of the instrument, he and the other defendant, in the absence of plaintiff, had a conversation on the sub

[Dickson Bros. v. Bamberger, Bloom & Co.]

ject of such omission.

2. *Witness may state reasons why facts testified to by him are im-pressed on his memory.*—It is permissible to prove by a witness a reason why the circumstances to which he testifies are impressed on his memory, unless the reason involves the introduction of matter improper for the jury to hear.

3. *Charge as to ratification of unauthorized alteration of bond.*—It is proper to charge that if the obligors in a bond, with knowledge that it had been altered by insertion of a place of payment, offered to pay half the bond, and asked for time in which to pay the balance, such offer and request would constitute a ratification of, and assent to the alteration; it being left for the jury to ascertain the facts, and for the court to pass on their sufficiency to constitute a ratification.

APPEAL from the circuit court of Lowndes.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellees, Bamberger, Bloom & Co , against the appellants, Dickson Bros., upon a bond alleged to have been executed by the defendants. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury among others, the following written charges : to the giving of each of which the defendants separately excepted : (1) ''The defendants would be liable on the bond named in the complaint, although there was a material alteration of the same after its execution, if the defendants had knowledge of such alteration, and after having knowledge of said alteration, offered to pay one-half due on the bond, and asked indulgence on the balance.'' (3) ''Even if the jury find from the evidence that after the execution of the bond by the defendants, it was altered without their consent, the defendants will be liable thereon, if, with a knowledge of such alteration, they recognized its validity by offering to pay a part of the bond, and asked time within which to pay the balance.'' (4) ''Even if the jury should believe from the evidence that the bond named in the complaint was altered, after its execution by the defendants, still 'the defendants would be liable thereon, if they had notice or knowledge of such alteration, and with such notice or knowledge offered to pay one-half of the bond, and asked an extension as to the balance due thereon.'' (6) ''I charge you, gentlemen of the jury, that if

there was an alteration of the bond named in the complaint, after its execution, and that defendants had notice of such alteration, and after having such notice they offered to pay a part of the amount due on the bond, and asked for time on the balance due thereon, this would constitute a ratification of such alteration, and the defendants would be liable thereon.'' (7) ''I charge you, gentlemen of the jury, that even if there was an alteration of the bond named in the complaint, after its execution, and that defendant had notice of such alteration, and, after having such notice, offered to pay one-half of the obligation in cash, and to secure the other half by turning over crop mortgages, this would constitute a ratification of such alteration, and the defendants would be liable thereon.''

There was judgment for the plaintiffs. Defendants appeal and assign as error the rulings of the trial court upon the evidence, and the giving of the charges requested by the plaintiff.

HOUGHTON & COLLIER for the appellants.—Whether the statement of the Dicksons as to the conversation between them as to the bond, is considered as part of the *res gestae*, as in *Gandy v. Humphries*, 35 Ala., 617-624, or as an independent fact, which would serve to show the jury that the witnesses were not mistaken in their recollection about the principal fact in controversy, viz : the absence from the note of a designated place of payment ; we submit the evidence was admissible. There was a direct conflict as to whether the note had been altered or not. If the jury were informed that almost immediately after the execution of the bond, the makers had conversed together on the subject and commented on the absence of a designed place of payment, such conversation is a fact—an event which would tend to establish the defense. What was said would not be binding on the plaintiffs in their absence, but the purpose of the evidence was not to bind the plaintiff—but to sustain the recollection of the witness, by showing that a conversation had occurred so shortly after the transaction, that its details must have been fresh in their minds, immediately after the occurrence. If the witnesses remembered that conversation, it served to show their recollection.

[Dickson Bros. v. Bamberger, Bloom & Co.]

The proposition of the first and third charges, given at the request of plaintiff, is that although the bond had been altered in a materal manner, if the defendants having knowledge of such alteration, offered to pay one-half cash, and asked indulgence as to the other half, they thereby ratified the bond.

It is undoubtedly true that the defendants could have ratified the alteration af the bond, but the question of ratification is one of fact, and one that should be passed on by the jury, but the court undertakes in these two charges to say what constituted ratification, by asserting that the offer to pay half the bond and asking for time on the other half, was a ratification, thus depriving the defendants of their right to have the jury to say by their verdict what was the effect of these acts. These acts may, or may not have constituted ratification, and the jury should have been allowed to judge of their effect. We submit that the court charged on the effect of the evidence. A somewhat similar charge applied to different facts was declared faulty in *Boyd v. Jones*, 96 Ala., 305.

Charges 6 and 7 pass directly on the effect of the.letter written by E. H. Dickson. They. ignore the fact that E. H. Dickson testified that he thought the copy of the note in the protest was a mistake, and that J. W. Dickson never saw the copy or knew about the letter.—*Burkham v. Mastin*, 54 Ala., 122-127. The charge informs the jury that the letters of E. H. Dickson amounted to a ratification—that it proved a ratification. This was an invasion of the province of the jury. *Marx v. Bell*, 48 Ala., 497; *M. & G. R. R. v. Williams*, 52 Ala., 278; 1 Brick. Dig., p. 887, § 968. See opinion of court in, *Trufant v. White*, 99 Ala., 526–533. The proper charge as to ratification is indicated by the approval of this court of charge No. 4 on page 560 in *Montgomery v. Crossthwaite*, 90 Ala., 553, which was on the question of ratification. A comparison of that charge, with the charges in this case, will inevitably lead to the conclusion that if charge No. 4, 90 Ala., p. 560, is a correct exposition of the law, then the charges in this case, which assume that certain acts amount to ratification, are an invasion of the province of the jury. In other words, charge No. 4 on page 560, 90 Ala., is within the province of the court, the

charges in the case at bar or not.

LANE & WHITE, for the appellees.—Declarations merely narrative of a past transaction, can not be received as proof of the existence of such occurrence. 1 Greenleaf on Evidence, Sec. 10. Even memoranda must be excluded where the witness has a recollection of the transaction, independent of the memoranda. 2 Rice on Evidence, pages 746–747. While memoranda may be used to refresh the recollection of the witness under proper conditions, we apprehend no case can be found where the witness has been allowed to refresh his recollection from certain declarations of his own, made in the absence of the party against whom he is testifying. *Acklen v. Hickman*, 60 Alabama, 568, Nor should such declarations be admitted as constituting a part of the *res gestae*. If, after a contract has been made, and one of the parties has left and been gone an hour or more, the other parties can get up a conversation between themselves, simply narrative of the past transaction, and use it as evidence for themselves, in subsequent efforts to avoid the contract, "there could not be many contracts capable of enforcement."—*Brooklyn Life Insurance Co. v. Bledsoe*, 52 Ala. 549. The conversation bears evidence of the exercise of reason, or that it is a conclusion of the mind after reflection, and that it is therefore no part of the main fact, but a mere expression of opinion. It was hearsay and declarations of the most dangerous kind.—*Alexander v. Hanley* 11 Southern Reporter, 390. *Hunt v. Johnson*, 11 Southern Reporter, 387. In no phase of the case, can the declarations of these parties be considered parts of the *res gestae*. They occurred an hour or more after the transaction had been closed. They are not elucidating circumstances explaining the transaction, but merely narrative of the past occurrence. *L. & N. R. R. Co. v. Pearson*, Admr, 97 Alabama 214, and cases cited. The several charges asked by the plaintiff assert a correct legal proposition. *Montgomery v. Crossthwaite*, 90 Alabama 572.

It will be observed that all of said charges left to the jury to say whether the defendants had knowledge or notice that the alteration had been made in the bond, and with such knowledge of notice offered to pay a part of the bond and to secure the balance; and if they

found such to be the facts, then the Court passed upon the legal sufficiency of such facts to constitute ratification. This was proper.—*Stanley v. Bank of Mobile*, 23 Ala. 657. The charge properly referred to the jury the finding of such facts, and the application of the law was made contingent on the ascertainment to the facts embraced in the hypothesis.—*Hill v. Townsend & Eubanks*, 69 Ala. 286.

HEAD, J.—This was an action upon a bond purporting to have been executed by the defendants to the plaintiffs on the 21st day of October, 1892, and payable ninety days after date, for the sum of $700. The defense made by plea of *non est factum*, was that the instrument had been materially altered without the knowledge or consent of the defendants, after its execution, by inserting therein a place of payment. Although the record contains no replication, yet it clearly appears the case was tried, as if the plaintiffs had replied a ratification, the contested question of fact being whether the alleged alteration had been made, and, if so, whether the defendants had, with knowledge, thereof, waived the same, and recognized the instrument as a valid obligation. The assignments of error necessary to be noticed relate to rulings on evidence and the giving of charges at the instance of the plaintiffs.

1st. The plaintiffs introduced their agent Carothers, as a witness, and he testified that the bond had not been altered and that it was then in the same condition as when originally signed. After one of the defendants had testified to the alteration, the following question was propounded to him by his counsel: "Is there anything which impressed on your memory the fact that there was no place of payment in said bond when it was executed? If so, state what it was?" To this the witness replied, that shortly after the bond was executed and after Carothers had left the office of defendants, it was discussed between the witness and his codefendant, as to what kind of note they had given, and as to it being a plain note. Upon motion of the plaintiffs the court excluded that part of the answer referring to the conversation between the two defendants and to this ruling they excepted. The court committed no error in this ruling. The conversation between the two defen-

dants, in the absence of the plaintiffs, and after the execution of the instrument, was not a part of the *res gestae*, but consisted simply of self serving declarations. It was therefore hearsay in its most objectionable form.— *Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538 ; *Hunt v. Johnson*, 96 Ala. 130. Nor was it competent to introduce said conversation, nor the fact that it had occurred, in support of the accuracy of the recollection of the witness, in stating that "the instrument was executed without containing a place of payment." It is permissible to prove by a witness, a reason why the circumstances to which he testifies are impressed on his memory, unless the reason involves the introduction of matter improper for the jury to hear, as we declared in *Bell's Admr. v. Troy*, 35 Ala. 184 ; but the fact that the attention of a witness was specially called to a transaction as to which he testifies, can not be proven by evidence of his own statements to that effect, made after the transaction was completed, and in the absence of the other party. The answer of the witness above referred to, was nothing less than an effort to support and corroborate his testimony by showing that the conversation occurred, and while not under oath, nor in the presence of the other party, he made a statement, which accorded with the version he was giving as a witness. This was clearly not permissible. These considerations dispose of a like exception reserved upon the examination of the other defendant.

2nd. The plaintiffs offered evidence tending to show that the defendants, with knowledge of the changed form of the instrument, if it was changed, offered to pay one half of the bond and asked for time, in which to pay the balance. The four charges given upon request of the plaintiffs, which are insisted upon as erroneous, assert in substance, that such offer to pay and request for time, if made with the knowledge of the alteration, would constitute a ratification of, and assent to, the alteration of the instrument. There was evidence tending to support the hypothesis of the charges, and its credibility was by them referred to the jury ; the court merely declaring the conclusion of the law, from the fact to be as ascertained. We are of opinion that the charges asserted a correct legal proposition.—*Montgomery v. Crossthwaite*, 90 Ala. 553, and authorities there

cited. It would not have been proper, as counsel for appellants insist, to have allowed the jury to decide whether or not the fact hypothesized amounted to a ratification. This would have been to refer to them the decision of a question of law, which is never permissible. The charges left to the jury the ascertainment of the facts which were relied on to avoid the plea, and it was for the court alone to pass upon the legal sufficiency of the facts to constitute ratification.—*Stanley v. Bank of Mobile*, 20 Ala. 652. Charges 8 and 19 given at the instance of the plaintiff in *Montgomery v. Crossthwaite*, *supra*, were in substantially the same form, as those here complained of, and were sustained by this court in that case. Such instructions do not invade the province of the jury, nor are they charges upon the effect of the evidence in any objectionable sense.

This disposes of all the assignments of error, which are insisted upon in the brief of appellants' counsel. We discover no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.