[Strouse v. Elting.]

# Strouse v. Elting.

*Action of Assumpsit.*

1. *Statute of frauds; how defense presented.*—The statute of frauds, to be available as a defense, must be specially pleaded ; and the benefit of such a defense can not be taken advantage of by a demurrer, unless it affirmatively appears in the complaint or the bill that the contract declared on is obnoxious to the statute.

2. *Same; when complaint demurrable.*—Where, in an action on a contract, the contract set out in the complaint or in one of the counts thereof, standing alone, shows on its face an obligatian of defendant as surety for a past debt of another, but does not express a consideration for such obligation, and there is in the complaint or count no reference to any other covenant or agreement to remove such objection, it affirmatively appears that the contract counted upon is within the influence of the statute (Code, § 1732, subd. 3) which declares that "every special promise to answer for the debt, default, or miscarriage of another" is void, unless the agreement is in writing and expresses the consideration ; and such complaint or count is, therefore, demurrable.

3. *Same; promise to answer for debt, default or miscarriage of another.* When a note is given by one person for the benefit of another, and any credit whatever is given to the party for whose benefit the note was given, the contract, as evidenced by the note, is a promise to answer for the debt, default or miscarriage of another, and is within the influence of the statute of frauds (Code, § 1732, subd. 3), and must express the consideration thereof.

4. *Same; not necessary that the contract should be evidenced by a single writing.*—Under the statute of frauds, which requires that certain contracts shall be in writing, the form of the writing is immaterial, and a contract may be evidenced by one or more writings ; and if by several writings, the requirements of the statute are met and sufficiently complied with, if the several writings, when viewed in the light of the conditions, and circumstances of the parties at the time they were written, upon their faces, clearly relate to and connect themselves with each other, and their contents, when adjusted and adopted to each other according to their reasonable and practical import, show that they are parts of the same transactions and constitute the contract of the party.

5. *Same; same; not necessary for one writing to refer to the other in express terms.*—The rule declared above does not necessarily require an express reference in one writing to another, or in each of them to all the others ; but if all the writings adduced to establish the con-

[Strouse v. Elting.]

tract, when viewed together in the light of the conditions and circumstances of the parties at the time they were written, show unmistakably that they relate to the same matter and constitute the several parts of one connected transaction, so that there can be no other reasonable conclusion, from the evidence thus afforded, than that they were written with reference to those concurrent or preceding, there is such a reference of one to the other as satisfies the rule, although there is no reference in express terms; and parol evidence is admissible to show the circumstances under which the transaction occurred, and to connect the several papers constituting the contract between the parties.

6. *Same; same; facts of the present case.*—Where, as a result of correspondence between certain stockholders of a business corporation, in which it was disclosed that it was necessary for the company to borrow money, in order te carry on its business, one of the stockholders, upon conditions which were stated in one of his letters, signed a contract of guaranty in which he agreed to contribute a certain proportion of the amount borrowed by the company in the event the money was not repaid by the company, if upon the company's failure to pay its note, which was for the amount borrowed by it, said stockholder is sued upon the contract of guaranty, the written correspondence between him and the stockholder at whose instance the contract was entered into, is admissible in evidence as a part of the contract, and the connection between such correspondence and the contract and the circumstances under which the transaction was had can be shown by parol evidence; and the consideration of the contract of guaranty being shown by the correspondence, is sufficient to meet the requirements of the statute of frauds, and to render the contract of guaranty binding upon the stockholder who executed it.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellants, D. B. Strouse and T. J. Shickel against N. C. Elting. The complaint contained five counts. The first, second, fourth and fifth were as follows: "1. The plaintiffs claim of the defendant the sum of two thousand dollars for the breach of the terms and condition of an agreement made and entered into by the defendant on the 15th day of November, 1890, delivered and payable to James A. Bonsack, in the sum of two thousand dollars, with condition that, if the South Birmingham Coal & Iron Company, should not pay to said James A. Bonsack the note of said company, made to said Bonsack for the sum of eight thousand, three hundred and forty-one and 36–100 dollars when due, he, the said defendant would, on demand pay on and toward the

liquidation and payment of said note the sum of two thousand dollars; and plaintiffs aver that said defendant was a stockholder of and in the said South Birmingham Coal & Iron Company at the time said agreement was made by him, and that said note to said Bonsack for the amount aforesaid was made for the indebtedness of said company to said Bonsack, for money borrowed from him by said company, and for the benefit of the stockholders thereof; and that the condition of said agreement has been broken by the defendant in this : that the said note of said South Birmingham Coal & Iron Company to said Bonsack for the amount aforesaid was not paid by said company when due, and that said defendant has failed and refused on demand, and doth still fail and refuse on demand, to contribute to the payment of said note, or to pay on account of said indebtedness, evidenced by said note, the said sum of two thousand dollars, or any other sum whatsoever, to the damage of the plaintiffs in the said sum of two thousand dollars· as above stated, for which they bring this suit.    And the plaintiffs aver that the said note of said South Birmingham Coal & Iron Company to said James A. Bonsack, and the said agreement of the defendant were duly transferred, assigned and endorsed to them by the said James A. Bonsack, that the same are due and unpaid and are the property of the plaintiffs."

2. "The plaintiffs claim of the defendant the further sum of two thousand dollars, damages for the breach of a covenant and agreement entered into by the defendant on the 15th day of November, 1890, which is in words and figures, and by which he promised and agreed as follows, towit :    'Whereas the South Birmingham Coal & Iron Company has, for the purpose of the said company, borrowed the sum of $12,000 ; $3,500 from the Farmers National Bank of Salem, $158.64 from J. W. F. Allemong, of Salem, Va., and $8,341.36 from James A. Bonsack, of the city of Philadelphia, it is agreed by the undersigned, who is a stockholder in the said company, that in case the said note to the said James A. Bonsack shall not be paid by the said South Birmingham Coal & Iron Company, then the undersigned will, on demand, contribute to the payment thereof, as surety therefor, the sum of two thousand dollars.   N. C. Elting.   November 15th ;' and the plaintiffs aver that the

said South Birmingham Coal & Iron Company did not
pay the said note, when due, to the said James A. Bon-
sack, and that the said note and the aforesaid covenant
and agreement have been duly transferred, assigned and
endorsed to the plaintiffs, and are now the property of
the plaintiffs, and are due and unpaid, and that the
plaintiffs have demanded of the defendant the payment
by him of the said sum of two thousand dollars in said
agreement mentioned, and therein promised to be paid
by him, but the said defendant hath failed and refused,
and doth still fail and refuse to pay the same, or any
part thereof, to the damage of the plaintiffs in the sum
of two thousand dollars as above stated, for which they
bring this suit.''

4. "The plaintiffs claim of the defendant the further
sum of two thousand dollars, for the breach of a cov-
enant or agreement entered into by the defendant on the
15th day of November, 1890, by which he covenanted
and agreed to pay the sum of two thousand dollars in
discharge to that extent of a note for the sum of
$8,341.36, payable on demand to one James A. Bonsack
by the South Birmingham Coal & Iron Company, of
which the defendant was then a stockholder, in the
event the said note was not paid by the said company
when the same became due ; and the plaintiffs aver that
the said note was not paid by said company to said Bon-
sack on demand, but said company failed and refused to
pay the same, of which the defendant had notice, and
demand was thereupon made upon defendant to pay the
said sum of two thousand dollars, as by his said cov-
enant and agreement he had undertaken and promised
to do, as surety for said company, but the defendant
failed and refused to pay the same, or any part thereof ;
that the said note of said company and the said agree-
ment and covenant of the defendant were duly trans-
ferred, assigned and endorsed by said James A. Bonsack
to the plaintiffs, and the same are now their property,
and are due and unpaid, and that the defendant, though
often requested, hath failed and refused, and doth still
fail and refuse, to pay the same, or any part thereof, as
by his said agreement he undertook and promised
to do.''

5. ''The plaintiffs claim of the defendant the further
sum of two thousand dollars, due by a written covenant

[Strouse v. Elting.]

or agreement, made and entered into on the 15th day of
November, 1890, by which the defendant covenanted
and agreed, upon a legal and sufficient consideration
therein expressed, to pay to James A. Bonsack the sum
of two thousand dollars, in the event the South Birming-
ham Coal & Iron Company, a private corporation, in
which the defendant was a stockholder, failed to pay to
the said James A. Bonsack the note made by said com-
pany to said Bonsack for the sum of $8,341.36, payable
on demand, and plaintiffs aver that the said company
failed and refused to pay the said note to the said Bon-
sack on demand, of which the defendant had due notice,
and that the said defendant failed and refused on de-
mand to pay on account of said note the said sum of two
thousand dollars as he had agreed and covenanted to do,
or any other sum whatsoever; and plaintiffs aver that
the said note and the written covenant and agreement
made by the said defendant as aforesaid, were duly
transferred, assigned and endorsed by the said Bonsack
to the plaintiffs and are their property, and that they
have demanded payment of said sum of two thousand
dollars of the said defendant, but that the defendant
hath failed and refused, and doth still fail and refuse, to
pay the said sum, by his said covenant and agreement
stipulated to be paid by him, or any other sum, for the
recovery of which the plaintiffs bring this suit."

The facts averred in and the substance of the third
count of the complaint are sufficiently shown in the
opinion.

The defendant pleaded the following pleas: "1st.
The allegations of the complaint are not true. 2d. And
for further plea, defendant says that there was no con-
sideration for the promise alleged in said complaint to
have been made by defendant. 3d. And for further
plea defendant says that the instrument sued on was a
promise to pay the debt of another, to-wit, of the 'South
Birmingham Coal & Iron Company,' and said instru-
ment does not express the consideration; and is void un-
der the statute of frauds." The plaintiff moved to strike
the first plea from the file, on the ground that it was, in
effect a plea of *non est factum*, and was not sworn to.
This motion was overruled.

The plaintiff demurred to the third plea, upon the
following, among other grounds: "(1.) That the

[Strouse v. Elting.]

complaint in each and every count shows that the contract or obligation sued on was an original undertaking, and not a contract within the operation of the statute of frauds. (2.) That the third count of said complaint shows a sufficient legal consideration in writing for the obligation of indebtedness of defendant to plaintiffs. (3.) That the complaint in said cause shows that the contract sued on was an original undertaking or contract on part of defendant and not a contract of guaranty or suretyship. (4.) That the complaint shows that the contract sued on expresses a consideration on its face, and is not void under the statute of frauds. (5.) That the third count of said complaint shows that there was a sufficient legal valid consideration for the contract or obligation of defendant sued on in this cause in writing. (6 ) That third count of the complaint shows that the contract sued on was not within the operation of the statute of frauds."

These demurrers were overruled, and to this ruling the plaintiff duly excepted.

The facts as disclosed by the evidence are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the defendant. The plaintiffs appeal, and assign as error the rulings of the trial court upon the pleadings, and the rendition of judgment in favor of the defendant.

EMMET O'NEAL and JOSEPH H. NATHAN, for appellant.—The statute of frauds has no application to the agreement involved in this suit, because it was entered into, in legal contemplation, with the undertaking which it was to secure. And further : The promise of the defendant was not a collateral promise, but an original undertaking, and was not controlled by the statute of frauds.—*Westmoreland v. Porter*, 75 Ala. 457 ; *Blount v. Hawkins*, 19 Ala. 100 ; *Dunbar v. Smith*, 66 Ala. 490 ; *Carlisle v. Campbell*, 76 Ala. 249 ; *Hunt v. Johnson*, 96 Ala. 134 ; *Moog v. Strang*, 69 Ala. 102 ; *Thornton v. Williams*, 71 Ala. 555 ; *M. & O. R. R. Co. v. Nichols*, 98 Ala. 123 ; *Clay v. Walton*, 9 Cal. 328 ; *Jarmain v. Algar*, 2 Carr. & P. 249 ; 1 Brandt on Suretyship & Guaranty, §§ 31, 70.

The consideration for the undertaking sued on is suffi-

[Strouse v. Elting.]

ciently expressed in the agreement to meet all the requirements of the statute of frauds. If the consideration appeared by necessary implication from the instrument or from other competent evidence, it is sufficient.—*D' Wolf v. Rabaud*, 1 Peters, 476; *Adams v. Bean*, 12 Mass. 137; *Lecat v. Taval*, 3 McCord, 158.

Reasonably construed, this whole transaction and arrangement between these stockholders may well be considered in the nature of an indemnity to each other; and the statute of frauds does not apply to an agreement to indemnify.—Bishop on Contracts, (Enlarged ed.), § 1265; *Harrison v. Sawtel*, 10 Johns. 252; *Blount v. Hawkins*, 19 Ala. 100.

SIMPSON & JONES, *contra.*—Every special promise to answer for the debt, default or miscarriage of another, is void unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed, &c.—Code of 1886, § 1732, subd. 3. Even where goods are furnished, or money advanced, on the promise of another, if any credit is given to·the party who receives the consideration, it is not an original promise, but must be evidenced as required by the statute.—*Boykin v. Dohlonde & Co.*, 37 Ala. 577; *Clark v. Jones & Bro.*, 87 Ala. 474; *Webb v. Hawkins Lumber Co.*, 101 Ala. 630. A subsequent promise to pay the debt of another, already in existence, must be supported by a new consideration, which must be expressed in the writing.—*Trammell v. Hudmon*, 78 Ala. 222; *Lehman v. Levy*, 69. Ala. 48; *Brown v. Barnes*, 6 Ala. 694.

2. It is not only necessary that there should be a consideration, but the writing must express the consideration, which of course means that it must state definitely and particularly what the consideration is. This was the generally received interpretation even of the word "agreement" in the English statute, but our statute has expressed it clearly and definitely.—Brown on Statute of Frauds, § 387; *Wain Warlters*, 5 East 16; *Rigby v. Norwood*, 34 Ala. 129; *Bolling v. Munchus*, 65 Ala. 558; *Phillips v. Adams*, 70 Ala. 373; *Foster v. Napier*, 74 Ala. 395.

COLEMAN, J.—The plaintiffs instituted the present action to recover $2,000 upon a written agreement signed

[Strouse v. Elting.]

by the defendant, by which he covenanted and agreed to pay said sum for purposes and upon conditions stated in the agreement. The cause was tried by the court, without a jury. The defense relied upon arises under the third sub-division of section 1732 of the Civil Code, which declares that "every special promise to answer for the debt, default or miscarriage of another" is void, unless the agreement is in writing and expresses the consideration. The question was raised both by demurrer to the complaint and by plea. The general rule is that the statute of frauds must be pleaded, and, unless it affirmatively appears in the complaint or bill that the agreement declared upon was obnoxious to the statute of frauds, a demurrer will not lie. To authorize a recovery or relief, a valid contract must be proven.—*Hunt v. Johnson*, 96 Ala. 130; *Manning v. Pippen*, 86 Ala. 357. Tested by this rule, the first, third, fourth, and fifth counts of the complaint were sufficient.

The second count makes no reference to any other covenant or agreement than that set out, and, standing alone, showed on its face an obligation, as surety, for a past debt of another, and it does not express a consideration for the obligation. The demurrer to this count was properly sustained.

The vital question in this case arises under the third count of the complaint. In this count the entire transaction between the parties, as disclosed by the evidence, was stated; and the question for consideration is whether the plea of the statute of frauds is an answer to it, or, if the proof sustained the averments of this count, the plaintiff was not entitled to recover. We have stated that this was the material question, for it is settled in this State that, if any credit is given to the party for whose benefit the promise was made, the promise is within the statute of frauds.—*Webb v. Lumber Co.*, 101 Ala. 630; *Clark v. Jones*, 87 Ala. 474; *Boykin v. Dohlonde*, 37 Ala. 577. It is evident, we think, that credit was extended to the South Birmingham Coal & Iron Company, the maker of the note. The question, then, is whether the third count sufficiently avers an agreement in writing, which expressed the consideration, subscribed by the defendant, to pay the sum of $2,000, and, if so, does the evidence support the complaint? It is not necessary to a compliance with the statute of frauds

that the contract of the parties be evidenced by a single writing. It has always been held sufficient if the contract is so clearly evidenced by two or more instruments having reference to each other as to show they were parts of the same, and together constituted the contract of the parties. The object of the statute is to protect persons from fraud and imposition by parol evidence, in respect to the contracts and obligations provided for by the statute. The general rule is that it is not competent to connect the several papers by parol, but the several instruments must be connected by references contained in the papers themselves. The rule is not absolute, and the following quotation from the case of *Beckwith v. Talbot*, 95 U. S. 289, was cited with approval in the case of *Jenkins v. Harrison*, 66 Ala. 345, 360 : "There may be cases in which it would be a violation of reason and common sense to ignore a reference which derived its significance from such proof. If there is ground for any doubt in the matter, the general rule should be enforced; but, when there is no ground for doubt, its enforcement would aid, instead of discouraging, fraud." This court then continues as follows : "The implication of connection between the memorandum and the deed is almost irresistible, from their mere inspection, and there was no just objection to parol evidence of the contemporaneous facts and the circumstances surrounding the parties, showing that they were but parts of the same transaction." The same rule has recently been reaffirmed in the case of *White v. Breen*, 106 Ala. 159.

The case presents the following circumstances and correspondence : The South Birmingham Coal & Iron Company was a corporation in need of money, and without credit. Its capital stock was $120,000, of 1,200 shares. The First National Bank of Florence owned 200 shares of the stock, being one-sixth of the whole. D. B. Strouse, a stockholder, on the 18th of October, 1890, addressed a letter to the stockholders, including one to the defendant, who was the cashier of the First National Bank of Florence, detailing the condition of the Coal & Iron Company, and its need of $12,000, and inquired whether they would guaranty their *pro rata* amount of that sum. To this letter the defendant replied by letter on the 23d of October, having previously replied by telegram. The letter is as follows : "No. 3,981. The First

National Bank, Florence, Ala., Oct., 23rd, 1890. D. B. Strouse, Esq., Salem, Va.—Dear Sir: Your favor of the 18th received. I wired you yesterday as follows: 'Directors decline proposition. I have proposed to bank to purchase their interest provided you accept my guaranty for two thousand ($2,000) of the required $12,000. Answer.' My object in making this proposition to the bank is to protect them, if possible, from loss. Our directors refuse to advance or guaranty one cent of the $12,000. One of our directors claims that the mine was filled with water at one time, and the whole board, with the exception of myself, voted against your proposition. A committee was appointed to visit Helena, and make an examination of the property. They reported that the company had been badly managed, &c., &c. Of course, this feature will be eliminated if Messrs. McDonald & Beers assume the management. Personally, I have faith in your ability to make the scheme a success, and am willing to purchase the stock of the bank for the amount of their claim, and guarantee $2,000 of the required $12,000, on the terms named, and run my chances. If you decline my proposition, the bank proposes to allow the stock to go by default, and collect, if possible, their claim from the maker of the note; suit having been instituted last fall. Please wire me at my own expense, your decision in the matter. Yours truly, N. C. Elting." This letter was replied to, accepting the proposition of Mr. Elting, the defendant. Other stockholders acceded to the same proposition, and signed a similar agreement. All this occurred prior to the 31st of October, the day the money was borrowed. Mr. Elting purchased the stock from the Florence Bank, and had the same transferred to him on the books of the company. The agreement was then signed by the other stockholders, and forwarded to Mr. Elting, which was signed by him. It was marked "Exhibit 4" to the bill of exceptions, and read as follows: "Whereas, the South Birmingham Coal & Iron Company has, for the purposes of said company, borrowed the sum of $12,000, —$3,500 from the Farmers' National Bank of Salem; $158.64 from J. W. F. Allemong, of Salem, Va.; and $8,341.36; from James A. Bonsack, of the city of Philadelphia: It is agreed by the undersigned, who is a stockholder in the said company, that, in case the said

note to the said James A. Bonsack shall not be paid by the South Birmingham Coal & Iron Company, then the undersigned will, on demand, contribute to the payment thereof, as surety therefor, the sum of two thousand dollars. November 15th, 1890. N. C. Elting.'' Indorsed on back: ''For value received, I assign the within obligation to D. B. Strouse and T. J. Shickel, without recourse on me. James A. Bonsack.'' The note upon which the money was borrowed reads as follows: ''$8,341.36. On demand, we and each of us promise to pay to James A. Bonsack the sum of eight thousand three hundred and forty-one dollars and thirty-six cents ($8,341.36), with interest from date, for value received. Given under our hands, this 31st day of October, 1890. South Birmingham Coal & Iron Co., by D. B. Strouse, Vice-Prest.''

The contention is that the agreement, Exhibit 4, *supra*, does not express the consideration, and is therefore not a compliance with the statute of frauds. The written correspondence expresses very clearly the consideration, and the only question is whether it can be admitted in evidence as a part of the agreement, and whether their connection and the circumstances under which the transaction was had can be shown by parol. As was declared in 95 U. S. 289, *supra*, not to admit the evidence in this case would ''violate reason and common sense,'' and ''encourage fraud,'' to apply the rule in this case. ''The implication of connection'' arises from the mere reading of the correspondence and agreement. The facts are averred substantially in the third count as we have detailed them, and the evidence fully supports the complaint. There was no controversy that the plaintiff had satisfied the note given for the borrowed money, and that all the other stockholders had paid their *pro rata* share, according to the agreement; nor was there any controversy that the plaintiffs were the assignees and owners of the claim against the defendant. The court erred in its judgment, and a judgment will be here rendered for the plaintiffs.

Reversed and rendered.