### TOOMER v. FALLIGANT et al.

(Circuit Court of Appeals, Fifth Circuit. January 11, 1926.)

No. 4684.

1. **Frauds, statute of 148(1)—Amended bill for specific performance held not to show noncompliance with statute of frauds, so as to warrant dismissal (Rev. Gen. St. Fla. 1920, § 3872).**

Amended bill for specific performance of alleged contract for sale of land *held* not to show contracts did not comply with statute of frauds (Rev. Gen. St. Fla. 1920, § 3872), so as to warrant dismissal on motion.

2. **Frauds, statute of ⊙⇒150(1)—Defense to bill for specific performance, based on statute of frauds, cannot be made by demurrer or motion to dismiss, unless bill affirmatively shows noncompliance with statute.**

Where averments of bill for specific performance import existence of valid contract, defense based on statute of frauds cannot be made by demurrer or motion to dismiss, unless it affirmatively appears from bill that agreement sued on is obnoxious to statute.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Bill by William M. Toomer against Electa C. Falligant and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

G. P. Garrett, of Kissimmee, Fla., for appellant.

J. C. Cooper and J. C. Cooper, Jr., both of Jacksonville, Fla., and J. L. Travis, of Savannah, Ga. (Travis & Travis, of Savannah, Ga., and Cooper, Knight, Adair, Cooper & Osborne and H. P. Osborne, all of

Jacksonville, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing an amended bill of complaint, filed by the appellant, for the specific enforcement of alleged contracts for the sale of described lands in the state of Florida. One of the grounds of the motion to dismiss was that it does not appear by said amended bill that the contract alleged therein, or any memorandum or note thereof, was ever reduced to writing or signed by defendants (appellees here) or either of them or by any person thereunto authorized as required by the statute of the state of Florida. The memorandum opinion rendered by the District Judge shows that his action in dismissing the amended bill was the result of the conclusions that the face of the bill showed that the contracts sought to be enforced were in parol, and that, this being so, the defense of the statute of frauds was properly raised by the motion to dismiss. Randall v. Howard, 2 Black, 585, 17 L. Ed. 269.

The amended bill alleged:

"Your orator now further complaining, alleges that heretofore on, to wit, October 3, 1924, the defendants contracted and agreed to sell, and your orator contracted and agreed to purchase from the defendants, the properties hereinafter severally described, as being owned by each of them, at the prices and on the terms hereinafter stated, that is to say."

The just quoted allegation was followed by others setting out descriptions of the lands embraced in the alleged contract of each defendant and the prices and terms contained in each contract. In argument the following allegations of the amended bill were principally relied on to sustain the contention that on the face of the bill it appeared that the contracts sought to be enforced were parol contracts, not complying with requirements of the statute of frauds:

"Your orator further alleges that, prior to October 3, 1924, the defendants chose, designated, selected, and authorized one W. H. Robertson of Savannah, Ga., the son of the said defendant Annabelle S. Robertson, the nephew of the said defendant Electa C. Falligant, and the kinsman of W. H. Lanier, Jr., the other defendant in this suit, as their representative and agent in and about the sale of the properties hereinabove described; that the said defendants listed the said described properties for sale at the prices and on the terms hereinabove mentioned, with one W. A. Burney, Jr., a real estate agent and broker of the city of Savannah; that the negotiations with your orator, leading up to the making of the contracts of sale and purchase, hereinabove referred to, were begun with your orator and the said W. A. Burney, Jr., broker, were further continued with the said agent of the defendants, W. H. Robertson, and were consummated with the defendants acting in their own behalves and through the said W. H. Robertson as agent and the said W. A. Burney, Jr., as broker."

[1, 2] We do not think that the quoted allegations or any other allegations of the amended bill show a noncompliance with the Florida statute of frauds (section 3872, Revised General Statutes of Florida 1920) in the making of the agreements upon which the suit was brought. The averments of the amended bill are consistent with those agreements being in conformity with requirements of the statute of frauds. In a suit on a contract, required by the statute of frauds to be in writing, the plaintiff need not allege in his bill that such contract is in writing, and, where the averments of the bill import the existence of a valid contract, a defense based on such statute cannot be made by demurrer or motion to dismiss, unless it affirmatively appears by the averments of the bill that the agreement sued on is obnoxious to the statute of frauds. Maloy v. Boyett, 43 So. 243, 53 Fla. 956; Strouse v. Elting, 20 So. 123, 110 Ala. 132; Rogers v. Penobscot Mining Co., 154 F. 606, 83 C. C. A. 380.

We are of opinion that the averments of the amended bill were such that the court was not warranted in dismissing it on the ground on which the record shows it was dismissed, and that the decree appealed from was erroneous. That decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.