## JONES *vs.* STEWART.

1. On a trial of the right of property to slaves levied on under execution and claimed by a son-in-law of the defendant in execution, it is not error to charge the jury, that in determining the *bona fides* of the sale from the defendant to the claimant, they might look to circumstances of unusual particularity attending it, as tending, if unexplained, to show fraud.

2. When the bill of exceptions does not purport to set out all the evidence, the appellate court will presume, against the party excepting, that an affirmative charge was sustained by the evidence.

ERROR to the Circuit Court of Wilcox. Tried before the Hon. Geo. Goldthwaite.

THIS was a trial of the right of property to certain slaves, which had been levied on, under execution in favor of Stewart against Benjamin B. Patton, and claimed by the plaintiff in error who was a son-in-law of Patton's. The judgment on which the execution was issued was rendered on the fifth of March, 1849. It was shown, on the trial, that the slaves belonged to the defendant in execution up to the last of January, 1849, at which time the claimant contracted to purchase them, and paid the price agreed on in cash, and that witnesses were called in to count the money and witness the bill of sale. It was also proved, that at the time of the sale the defendant was in failing circumstances, and that the claimant was advised by counsel to have the bill of sale witnessed. The court charged the jury, "that if the defendant and the claimant were unusually particular in relation to the sale, they might, in determining the question of fraud, look to such circumstances of particularity, as tending, if unexplained, to prove fraud;" to which charge the claimant excepted. There was a verdict and judgment in favor of the plaintiff in execution.

GEO. W. GAYLE, for plaintiff in error.

C. C. SELLERS, contra.

CHILTON, J.—The charge asserts the principle, that the jury in determining as to the *bona fides* of the sale, might look to circumstances conducing to show unusual particularity, as tending to show a fraudulent intent.

If this charge was warranted by the testimony, we are unable to perceive any thing improper in it. Although, in the language of the books, "fraud seeks concealment," yet the employment of unwonted particularity is sometimes not the least effectual mode of screening it from detection. Parties, in making sales of property, conscious of purity of motive, are ordinarily content with the observance of the easy and natural means to which resort is usually had, and which being natural and easy, and in accordance with our experience, furnish of themselves evidence of ingenuousness. While on the other hand, fraud,

suspicious of itself, is wont to seek additional props, and some-times overleaps itself in the attempt "to make assurance doubly sure."

From the very nature of the subject, however, it is impossible to lay down any general rule as to what circumstances of parti-cularity shall be considered evidence of fraud. It is obvious that there are many cases in which the circumstances may not only justify, but require the exercise of extraordinary caution, and make such caution consist with the best intention. Where-as, under other and different circumstances, such unusual parti-cularity would be evidence that the parties were endeavoring to bolster up what they knew to be a fraudulent transaction.

In this case the bill of exceptions does not purport to set out all the proof; so that it is impossible for us to say whether the circumstances in proof did not fully justify the charge. To *presume* that the charge was abstract, would be to indulge a presumption in favor of the party excepting, and against the re-gularity of the judgment and proceedings in the court below: whereas the settled doctrine of this court is to construe the bill of exceptions most strongly against the party excepting, and to presume that an affirmative charge was sustained by the evidence.

It results that the judgment of the court below must be affirmed.