## DOE, EX DEM. SCHOOL COMMISSIONERS vs. GODWIN.

[EJECTMENT FOR SCHOOL LANDS.]

1. *Title of purchaser of school lands.*—A purchaser of school lands, at a sale made under the act of 1837, (Clay's Digest, 524–5,) who has paid the purchase-money in full, and obtained the certificate of the commissioners, duly acknowledged, has a perfect title without a patent.

2. *Presumption in favor of affirmative charge.*—Where the bill of exceptions does not purport to set out all the evidence, the appellate court will presume that a general affirmative charge was justified by the evidence.

Doe *d.* School Commissioners v. Godwin.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. JOHN GILL SHORTER.

THE bill of exceptions in this case is as follows :

"On the trial of this case, the plaintiffs proved, that they were the school commissioners of the township which was entitled to the section of land, a part of which is sued for ; also, the actual yearly value of the land, and the defendant's possession for the last ten years. It was admitted, that no deed or patent from the State had issued to the defendant. The defendant proved, that the land had been sold to him by the commissioners of the township, at public sale duly had, under which purchase he went into possession ; that he gaves his notes for the purchase-money, as by law directed ; that he had been sued on said notes by the Bank, and had paid the amount thereof, with costs, to the sheriff under execution. The defendant introduced proof, also, that a certificate of purchase, in usual form, was issued to him, but had been lost. The plaintiffs introduced the evidence of E. M. Hastings, showing that the money had never been paid into bank, for the benefit of the township. The court charged the jury, that if they believed all the evidence, they must find for the defendant ; to which charge the plaintiffs excepted," &c.

The charge of the court is the only error assigned.

GEO. D. HOOPER, for appellant.

JAS. E. BELSER, *contra.*

STONE, J.—Under the act of 1837, it is provided that certificates of purchase, issued by school commissioners, and acknowledged according to its provisions, "shall operate as a title, upon condition only that the whole payments [of the purchase-money] shall be made."—Clay's Digest, 525, § 21. If the defendant below had complied with the terms of this statute, he had a good and valid defense.

It is argued here, that as the bill of exceptions does not inform us when the payment was made—whether before

or after this suit was brought—the charge of the court cannot be maintained. This would probably be the case, if we were authorized to presume the bill of exceptions contains all the evidence. But there is nothing in the bill of exceptions to justify such presumption.

In the case of Barnes v. Mobley, 21 Ala. 238, our predecessors said, "It is impossible for this court to say that the circuit court erred, in charging the jury that, if they believed all the proof, the plaintiff was not entitled to recover; for the simple reason, that all the proof is not set out in the bill of exceptions."

The following propositions may be regarded as settled definitively in this court :

1. That bills of exceptions are to be construed most strongly against the exceptor.

2. That error will not be presumed, but must be affirmatively shown.

3. That when an affirmative charge is given, which is correct as an abstract legal proposition, this court will presume there was evidence to justify the charge, unless it affirmatively appear to the contrary.—Morris v. The State, 25 Ala. 57; McElhaney v. The State, 24 Ala. 71; Gaines v. Harvin, 19 Ala. 491; Bryan v. Ware, 20 Ala. 687; Sammis v. Johnson, 22 Ala. 690; Furlow v. Merrill, 23 Ala. 705.

We feel bound to presume, in favor of the correctness of the charge of the circuit court, that there was evidence to justify it.

The judgment is affirmed.

RICE, C. J., not sitting.