DARWIN G. JONES, plaintiff in error, *vs.* JAMES LYNCH *et al.*, executors, defendants in error.

The verdict being contrary to the charge of the court, a new trial should have been ordered.

New trial. Charge of Court. Before Judge HOPKINS. Fulton Superior Court. March Term, 1874.

Reported in the decision.

JOHN M. CLARKE & SON; COLLIER, MYNATT & COLLIER, for plaintiff in error.

L. J. GLENN & SON; A. W. HAMMOND & SON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant, on a promissory note for the sum of $4,500 00, dated 23d June, 1870, due twelve months after date. The defendant alleged in his plea to the plaintiff's action, that the note was given to the plaintiffs' testator in part payment for a tract of land in the city of Atlanta, containing twenty and five-eighths acres, more or less; that at the time of the purchase of said tract of land plaintiffs' testator, by his agent, represented that said tract of land was bounded on the east by Gray street in said city, when in fact it was not, there being no such street there; that this street was of great value to the property, and one inducement to its purchase, and that the consideration for which the note was given has partially failed. On the trial of the case, the jury found a verdict in favor of the plaintiffs for $4,360 00, only finding for the defendant for the damage claimed by him under his plea and the evidence in support thereof, the sum of $140 00. The defendant made a motion for a new trial on the ground that the verdict was contrary to the evidence, contrary to law, and the charge of

the court. The motion for a new trial was overruled, and the defendant excepted.

The evidence in the record is, that in consequence of there being no Gray street on the eastern boundary of the land sold, its value was diminished from $500 00 to $1,000 00. Some of the witnesses estimate the damages as high as $1,000 00, and others not so much, but the lowest estimate of the damage sustained by the defendant, proved by any witness, was $500 00. The court, after charging the jury the law applicable to the case, charged them as follows: "If you find there is a liability, go further and see what should be the amount of the recovery by defendant. For this purpose look to the proof as to what was the value of the land, see to what extent the value of the land was lessened by this representation; that would be the measure of damages." There was no exception to the charge of the court to the jury. The jury, under the charge of the court, found by their verdict that there was a liability to pay the defendant damages in consequence of there being no Gray street on the eastern boundary of the land sold by the plaintiffs' testator, and, in our judgment, there is evidence in the record to have authorized them so to find. The jury having found there was a liability, then, under the charge of the court, they were bound to look to the evidence, to see what extent the value of the land was lessened, and *that*, the court charged them, was the measure of damages. The least amount of damages proved by the evidence, to which the jury could have looked and been governed in making up their verdict, was $500 00, and yet they found that the defendant had only been damaged $140 00, as that was all they deducted from the note for his damages. The verdict for only $140 00 damages, was contrary to the charge of the court, and therefore contrary to law. We reverse the judgment of the court in overruling the motion for a new trial, unless the plaintiff shall write off from the verdict the sum of $360 00, in addition to the $140 00, found by the jury, so as to make the amount of damages to be deducted from the principal of the note $500 00, and after deducting that amount from the principal due on the note;

that the plaintiffs have judgment for the balance due thereon, with interest.

Judgment reversed.