[Childs et al. v. The State.]

# Childs, *et als. v.* The State.

## *Indictment for Murder.*

1. *Impeaching or sustaining witness; predicate.*—Where a witness had answered affirmatively to the question, whether he knew the general character of another witness, such question and answer was a sufficient predicate to allow the former witness to testify to the good character of the latter who had been attempted to be impeached.

2. *Cross-examination; proper question.*—It is not error, on cross-examination, to ask a witness, for the purpose of affecting his credibility, "if he had not pleaded guilty of stealing from a store," in a certain place—the trial referred to having been before a justice of the peace, and it was not shown that any record was made of it.

3. *What proof necessary to justify conviction; circumstantial evidence; inference from suspecting another party of the deed.*—To justify conviction the evidence must exclude, to a moral certainty, every reasonable doubt of guilt; and where the evidence is circumstantial, the circumstances must be so connected and complete as to exclude, to a moral certainty, every hypothesis but that of guilt. If the proof comes up to this measure, the jury must convict independent of any inference from the proof that some other person has been suspected of the crime; otherwise, it is their duty to acquit, though there may be no proof that any other person is suspected.

4. *Charge; what proper in certain cases only; absence of suspicion of other guilty agent.*—A charge to the jury in substance, that if the evidence tends to show that defendants committed the crime, "if it be a fact that no one else has been charged with or suspected of the crime, such fact is a circumstance to be considered by the jury;" is proper only in cases like the present, where it appears from the proof that the absence of circumstances pointing to another as the guilty agent, tends to strengthen the evidence of the guilt of accused. (The charge asked, and the circumstances in this case, are similar to the same in Hall's case (40 Ala, 698, 707), and this court now adheres to the principle in Hall's case, but confines the same to cases in which the evidence is circumstantial, pointing strongly to the guilt of the accused, and proving him to have been at a place so near to the scene of the crime, as that, if innocent, he could probably furnish some trace, or circumstance, pointing to the guilt of another, or generating a doubt of his own guilt.)

5. *Same; presumption that charge was proper.*—Where such a charge was given—there being cases in which it would be proper—and the bill of exceptions fails to set out enough of the evidence to show its inappropriateness, this court will presume, in favor of the court below, that there was evidence to justify the charge.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. H. D. CLAYTON.

The defendants, Jerry Childs, Isaac Childs, and Jacob Childs, were indicted at the spring term, 1876, of Dale county, for the murder of Rosamond You. They obtained a change of venue to the county of Henry, where, on the 5th of September, 1877, they were tried and convicted of murder in the first degree, and sentenced to be hanged on Friday, the 19th of October, following.

[Childs et al. v. The State.]

The proof on the trial was, that Mrs. Rosamond You was shot with a gun, in her own house, in the night time, by some person unseen by her, or others present, and unknown to them, under circumstances constituting murder in the first degree. The evidence connecting defendants with the crime was mostly circumstantial. Among other witnesses, one J. R. Kelly was introduced by the State, and was asked by the State's counsel whether he knew the general character of one Mingo Williams?—said Williams having been examined by the State, and to impeach whom an effort had been made by defendants. Objection was made to the form of such question, for the reason, stated by defendants, that the question should be limited to the said Kelly's knowledge of the said Williams' character for truth and veracity. The court overruled the objection, and the defendants excepted. The witness then testified that he knew the general character of said Williams, which was good, and that from such knowledge he, Kelly, would believe said Williams on oath. One Jake McIntyre, a witness for defendants, being on the stand, was asked by the State's counsel, on cross-examination, " have you not been convicted of larceny?" The defendants' counsel inquired, "where?" and the State's counsel, after conferring with the prosecutor, answered, "from a store in Newton." The defendants' counsel then inquired, if "in a court of justice?" to which the State's counsel answered, "yes." The defendants' counsel then objected to the question on the ground that the fact solicited by the question was capable of higher proof—by record evidence. The question was allowed, and defendants excepted; whereupon the witness answered, that he had pleaded guilty, in a justice's court in Dale county, of stealing.

Upon the conclusion of the evidence, the court charged the jury, among other things, that, " If there is evidence tending to convict the defendants, the fact, if it be a fact, that no one else has been charged with or suspected of the crime, is a circumstance to be considered," to which the defendants excepted. There was no evidence that any one else was charged with or suspected of the crime alleged in the indictment.

J. G. COWAN, and J. A. CORBETT, for appellants.—1. It was error to try the defendants the first week of court. The act changing the term of Henry Circuit Court from two weeks to one week (acts 1876-7) is void—the journal of the Senate nowhere showing a compliance, in its enactment, with the requirements of § 27, Art. 4, of the Constitution.

2. The court erred in overruling objection to the form of

[Childs et al. v. The State.]

question asked the witness Kelly.—See dissenting opinion of Stone, J., in *Ward v. State*, 28 Ala. 53.

3. The court erred in permitting the State to prove McIntyre's conviction of crime in the manner set out. The fact of conviction was susceptible of higher evidence.—See 1 Greenl. Ev. § 457; *Newcomb v. Griswold*, 24 N. Y. App. 298. The fact that the conviction was before a justice of the peace does not change the rule. The court must know that § 4698 of the Code requires justices to keep dockets of criminal cases tried before them. By virtue of said section a justice's court is, in all criminal proceedings had before it, a statutory court of record.—See, also, *Ware v. Robinson*, 18 Ala. 105.

4. The court erred in giving that portion of the charge excepted to. It was calculated to mislead the jury. It is submitted that *Hall v. The State*, 40 Ala., upon this question, is not correct authority. Great injustice might thereby be done defendants, who, being in jail, are prevented from making efforts towards the detection of the real perpetrator. In Hall's case, *supra*, the defendant was charged with the murder of his wife, and if this court adheres to the ruling in that case, it should be confined in its application to cases of like character.

JOHN W. A. SANFORD, Attorney-General, *contra*.—1. The court did not err in permitting a question to be asked concerning the general character of a witness.—*Sorrell v. Craig*, 9 Ala. 535-8; *Ward v. The State*, 28 Ala. 53.

2. The court did not err in permitting the witness to be asked, "Have you not pleaded guilty to stealing from a store in Newton?" The contents of pleadings were not the subject of inquiry. The witness was questioned merely as to his past conduct. The fact of the existence of a plea and not its contents, was all that was involved. In such case the production of the plea was unnecessary.—*Neal & Hicks v. State*, 53 Ala. 465-7.

3. The court did not err in that part of the charge to which defendants excepted.—See *Hall v. State*, 40 Ala. 700, *et seq.*

STONE, J.—It is objected that, inasmuch as the trial and conviction in this cause were had during the first week of Henry Circuit Court, the judgment of conviction should be reversed, because the act, reducing the term of that court from two weeks to one—Pamph. Acts 1876-7, p. 141—is not shown by the journal of the Senate to have been signed by the president of that body," in the presence of the house over which he presided, . . after the title had been publicly read immediately before signing."—Constitution of 1875,

Art. 4, Sec. 27. We know not why, nor on what information this point is urged. On page 315 of the Senate Journal of that session, it is shown that the objection is not founded on fact.

We do not think counsel should take such position as that noted above, and cast on us the labor of consulting the journal, without some good ground, or well founded belief, in which to base it.

In what we have said, we do not wish to be understood as holding that a trial and conviction in a criminal case, had during the first week of a court, which is required by law to sit two weeks, would, for that reason, be reversed.

1. There was no error in allowing the witness, Kelly, to testify to the good character of the witness, Mingo Williams, who had been attempted to be impeached. Kelly had answered affirmatively the question, that he knew the general character of said Williams; and this, under the rulings of this court, was a sufficient predicate to let in the evidence. *Ward v. The State*, 28 Ala. 53.

2. Neither do we think there was any errror in allowing the question to be asked the witness, McIntyre, "if he had not pleaded guilty of stealing from a store in Newton." The trial referred to was had before a justice of the peace; it was not shown that any record was made of it, and there was no attempt to prove his conviction of the offense, so as to show him incompetent to testify. The question was put on cross-examination, with the evident design of affecting his credibility—nothing more. For that purpose, on cross-examination, it was competent.—See *Neal v. The State*, 53 Ala. 465.

3-4. The charge excepted to is, in substance, the same as that given in the case of *Hall v. The State*, 40 Ala. 698, 707. This court, while criticising that charge, nevertheless refused to reverse the ruling of the Circuit Court on that question. The court added : "The weight of the absence of such evidence is increased by the probability that if any other person had perpetrated the deed, there would have been discovered traces of it. 'In a criminal case (says Starkie), where all the circumstances of time, place, motive, means, opportunity and conduct concur in pointing out the accused as the perpetrator of an act of violence, the force of such circumstantial evidence is materially strengthened by the total absence of any trace or vestige of another agent, although, had any other existed, he must have been connected with the perpetration of the crime, by motive, means and opportunity, and by circumstances necessarily accompanying such acts which usually leave manifest traces behind them."

The case of Hall, *supra*, in its undisputed facts, was of

[Childs et al. v. The State.]

such a character as that the absence of criminating circumstances, pointing to some other person as the guilty agent, would tend to strengthen, in the inquiries of any honest mind, the circumstantial evidence of guilt, which was in proof against him. He was indicted for the murder of his wife, who had died of violence in the night time, in her own house, the accused being at home ; and, it was shown that at the time of the violence, he must have been in or near his residence. Under these circumstances, if another had done the deed, it is probable the accused could have shown some fact or circumstance in support of such theory. His failure to do so, in that case, was ruled to be, "a circumstance to be considered by the jury as evidence against the defendant." But even in that case, this court said the charge was liable to mislead the jury, and that it might have been improved in clearness and precision.

We are not inclined to overturn the authority of Hall against the State, in cases whose facts are similar to those therein presented. But we think the charge given in this case would be improper in cases otherwise circumstanced, and that its general tendency would be to mislead. As a rule, when a criminal charge is preferred, to justify a conviction, "the evidence must be such as to exclude to a moral certainty every reasonable doubt of the guilt of the accused." Best. on Ev. § 440 ; *Boots Coleman v. State*, at the present term. And when the evidence is circumstantial, the circumstances must be so connected and complete as to exclude, to a moral certainty, every hypothesis but that of his guilt. If the proof comes up to this measure, then it is the duty of the jury to convict, independent of any inference to be drawn from the absence of proof that some other person has been charged with or suspected of the crime. On the other hand, if the proof does not come up to this full measure, then it is the duty of the jury to acquit, although there may be no proof that some other person is charged with or suspected of the commission of the offense. We, therefore, confine the principle asserted in Hall against the State, to cases in which the evidence is circumstantial, pointing strongly to the guilt of the accused, and proving him to have been at a place so near to the scene of the crime as that, if innocent, he could probably furnish some trace, or circumstance, pointing to the guilt of another, or generating a doubt of his own guilty agency. Thus explained, we adhere to the principle asserted in *Hall v. The State, supra.*

Lest what is said above may be misunderstood, we will add that it is only when the suspicion that another was the offender springs out of facts or circumstances legitimately in

(23)

evidence, or which might be legitimately put in evidence, that such suspicion *vel non* should be considered by the jury. And that body cannot be too cautious in giving weight to such circumstance. It is at best more a question of casuistry, defining the mental processes by which truth is attained, than of positive law. It is part and parcel of that exacting system of reasoning, by which, in criminal trials, the mind associates the existence of some fact, not positively proven to exist, by the proof of other facts, which demonstrate its existence. To authorize a conviction in a criminal trial, the facts and circumstances proved to exist, and believed by the jury, must be so connected and complete, as to lead the mind of the jury, with moral certainty, to the conclusion that the defendant is the guilty offender; and, with equal moral certainty, must exclude the idea that another did the deed. One includes the other; for if the facts and circumstances, duly and honestly weighed, leave a reasonable doubt of the *exclusion* mentioned in the second branch of the sentence above, then the moral certainty of *conclusion*, mentioned in the first branch of the sentence, has not been reached, and the defendant should be acquitted.

From what we have said above, there are cases in which the charge, excepted to in this case, may be given. The record informs us that the testimony, tending to show that the prisoners were the murderers, " was, for the most part, circumstantial." What those circumstances were, or how proved, is not shown. The bill of exceptions set out but little of the evidence. Under an inflexible rule of this court, when an affirmative charge asserts a legal proposition which would be correct under a conceivable state of proof, and the bill of exceptions fails to set out all the evidence, or enough of it to show the inappropriateness of the charge, this court, in favor of the correctness of the ruling below, will presume there was evidence to justify the charge given.—*Morris v. The State*, 25 Ala. 57; *Tempe v. The State*, 40 Ala. 350; *School Commissioners v. Godwin*, 30 Ala. 242; *Fleming v. Ussery, Ib.* 282.

The judgment of the Circuit Court is affirmed; and Friday, the 22d day of March next, is set for the execution of the sentence of the law, as pronounced by the Circuit Court.