[Evansville, Paducah & Tennessee River Packet Co. v. Slater.]

dence that an exception has been reserved. The attorney's name of record entry has no office to perform in securing or preserving an exception to the ruling of the court allowing an amendment.

The appellant certainly had the right to have a copy of the original attachment papers made a part of the record, and upon his motion, with proper showing, this court would have ordered the clerk to send up a complete and perfect record, but his attitude is that of resisting the motion of the appellee for a *certiorari*. Under the view we take of the case, the objections to the record designated by the appellee do not injuriously affect his interest. The appearance in court of William Frieder by his authorized attorney is for all purposes as effective as service of summons. The voluntary contributions to the transcript record by the clerk, whether emphasized by red ink, or·in the matter of directing the attention of this court to "original papers," will not be considered.

Questions upon orders of the court allowing amendments upon motion of the plaintiff have been argued in briefs of counsel, but these questions are not presented in such a way as to authorize this court to consider them. They should have been presented by bill of exceptions. There is nothing of record to show what was moved for, and what allowed. Motions·entered upon the motion docket are no part of the record, unless entered on the minutes, or shown by bill of exceptions, neither of which was done as appears from the record before us. The judgment must be affirmed.

# Evansville, Paducah & Tennessee River Packet Co. v. Slater.

*Action against Common Carrier for loss of Goods.*

101  245
101  266
101  245
118  599
101  245
132  379

1. *Bill of exceptions; presumption when all the evidence not set out.—* When the bill of exceptions does not purport to set out all the evidence, this court will, on appeal, presume that there was other evidence in the case sufficient to support the judgment of the trial court.

[Evansville, Paducah & Tennessee River Packet Co. v. Slater.]

APPEAL from the District Court of Colbert.

Tried before the Hon. W. P. CHITWOOD.

This was an action brought by the appellee, Mary W. Slater, against the appellant corporation to recover the value of goods, which had been deposited in a warehouse at Sheffield, Alabama, for shipment on the defendant's line of boats.

The Evansville, Paducah & Tennessee River Packet Co. is, and has been for a number of years, a common carrier by water, operating a line of steamboats in the Ohio and Tennessee rivers, between Evansville, Indiana, and Florence, Alabama. Sheffield, Alabama, being situated opposite Florence, on the Tennessee river, is practically one of the terminal points of the aforesaid carrier.

R. D. Morrow was superintendent of the packet company from 1886 to 1889, and during this time appointed H. H. Brumbach as collecting agent or landing-keeper for the packet company at Sheffield, Ala., which position he held at the time of the trial. Brumbach's authority, as agent of the packet company, was limited to receiving freight from the boat, collecting the boat's charges on same, and soliciting patronage. During the continuance of the aforesaid agency, Brumbach was operating a drayage or transfer business in and about Sheffield, doing a commission business in salt and hay, and engaged in forwarding and shipping goods. In this business he made use of a warehouse situated on the bank of the river below the regular landing. This warehouse was in no wise connected with the business of the packet company, nor did the packet company have any interest in, or control over it, but the same was used by Brumbach for his individual purposes and business.

Under the foregoing facts, the appellee, on or about February 29, 1892, had her household goods hauled by Brumbach and deposited in said warehouse at Sheffield, Ala., for the purpose of having them transported by the packet company to Evansville, Indiana. On the morning of March 1, 1892, the said warehouse and contents, including the household goods of appellee, were destroyed by fire, the origin of which was unknown. Appellee seeks to hold the packet company liable for the value of her goods under its common carrier liability. The case was tried without a jury, and the court rendered judgment in favor of appellee. The opinion renders it unneces-

[Baker v. Graves et al.]

sary to make a more detailed statement of the facts of this case and of the rulings of the trial court.

WILHOYTE & HARRIS, for appellant.

J. B. MOORE and ROULHAC & NATHAN, contra.

HARALSON, J.—We have carefully examined the evidence in this cause, as we find it set out in the bill of exceptions in the transcript. Without more, it is not sufficient to support the judgment of the court below. Unless Brumbach was an agent of the defendant at Sheffield, authorized to make a contract of affreightment for defendant with the plaintiff, to transport her goods to Evansville, and, having such authority, made such a contract, and the goods were accordingly delivered to the defendant for carriage, the plaintiff was not entitled to recover. The evidence, as we find it in the transcript, falls far short of establishing such an agency, such a contract and such a delivery. So far as appears, Brumbach was not an agent for any such purpose, he made no contract of any kind to bind the defendant, and the goods were never delivered to him as agent for defendant.

But, be this as it may, the bill of exceptions does not contain a statement that the evidence therein set out was the evidence on which the trial was had, or was all the evidence introduced on the trial, and we are committed, by the uniform rulings of this court, to presume in such case that there was other evidence in the cause sufficient to support the judgment of the court below, and the cause must be affirmed.—Hood v. Pioneer M. & M. Co., 95 Ala. 461, 11 So. Rep. 10; Hunt v. Johnson, 96 Ala. 130, 11 So. Rep. 387; 3 Brick. Dig., 406, §43; Ib. 81, §47.

Affirmed.