[Barnett v. Wilson.]

# Barnett v. Wilson.

*Action for Statutory Penalty for Failure to Mark Mortgage Satisfied on Record.*

[Decided February 13, 1902.]

1. *Notice to mark mortgage satisfied; when copy admissible as evidence.*—Where notice has been given by plaintiff to defendant to produce the original notice to mark a mortgage satisfied and defendant has produced a notice which he claims was the one received by him, and this is denied by plaintiff, a paper is admissible in evidence which plaintiff testifies is a copy of the original sent by him,—whether or not it was a copy being a question for the jury.

2. *Transcript of record of mortgage, when admissible in evidence.* In an action for statutory penalty for failure to satisfy a mortgage a transcript of the record of the mortgage, duly certified by the probate judge, is admissible in evidence under Code, §§ 1816, 985, and 2643, although the original mortgage has been offered in evidence.

3. *Copy of writing, when admissible without notice to produce the original.*—Although the copy of a letter is not original evidence and is not admissible, without notice to produce the original or properly accounting for its absence,—yet where defendant, in reply to a question from plaintiff, produces and hands to plaintiff a copy of a letter written by him, he thereby admits its correctness, and the admission of such copy in evidence is not error.

4. *Bill of exceptions, failure to set out all the evidence; presumptions; general affirmative charge.*—Where the bill of exceptions on appeal does not purport to contain all the evidence, and shows that the court below gave the general affirmative charge for one of the parties, the Supreme Court will presume in favor of such ruling that there was evidence justifying such charge, although the evidence as shown by the bill of exceptions is conflicting and would not, but for such presumption, authorize the general affirmative charge for either party.

[Barnett v. Wilson.]

APPEAL from Geneva Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Action by W. J. Wilson against W. W. Barnett for the statutory penalty under Code, § 1066, for failure to mark a mortgage satisfied on the record. From a judgment for plaintiff defendant appeals.

ESPY, FARMER & ESPY and J. J. MORRIS, for appellant, cited *Home Protection of North Alabama v. Whidden,* 15 So. Rep. 567; 103 Ala. 203; *S. B. & L. Asso. v. McCants,* 120 Ala. 116; *Kocks v. Briggs,* 73 Am. Dec. 51; *Moore v. Calkins,* 29 Am. St. Rep. 128; *Grooms v. Hannon,* 69 Ala. 510; *Garrett v. McCabe,* 75 Ala. 325; *Scott v. Field,* 75 Ala. 419; *Chattanooga B. & L. Asso. v. Echols,* 27 So. Rep. 976; *McDonald v. Wood,* 118 Ala. 589.

SOLLIE & KIRKLAND and W. O. MULKEY, *contra,* cited Code, § 612; *Ayers v. Roper,* 111 Ala. 651; *Wadsworth v. Williams,* 101 Ala. 264.

HARALSON, J.—1. Before the trial the plaintiff gave the defendant notice to produce the notice given to him to mark the record of the mortgage satisfied. The defendant produced a written notice which he testified was the one he received from the plaintiff. It was addressed to defendant and requested him to go to the office of the judge of probate of the county and mark the note and mortgage given by him to defendant on the 17th February, 1897, payable on 1st September, thereafter, and recorded in mortgage book 13, page 52, satisfied on the margin of the record.

The plaintiff testified that this was not the notice he gave defendant, and he produced a copy of the one he testified he gave or sent to defendant, which described a mortgage of the same date as the one defendant produced and payable at same time, but it was described as payable to Bean & Barnett instead of to W. N. Barnett and as recorded in mortgage book 18, page 52, instead of in book 13 of mortgages, as in the other notice.

The defendant objected to the introduction of the paper, because it was secondary evidence, and notice had not been given to produce the original. But notice had been given to produce the original, and failing to produce it, plaintiff was entitled to introduce what he swore was a copy of it. Whether or not it was a copy, was a question for the jury under all the evidence.

2. The plaintiff introduced in evidence in the beginning, without objection, the original mortgage given by him to Bean & Barnett, of which the proof showed that defendant became the owner, together with the indorsements thereon, from which it appeared from the certificate of the probate judge thereon, that it was filed on the 27th of February, 1897, and recorded in book 18 of mortgages at page 52.

Further on in the course of the trial, the plaintiff offered in evidence a transcript of the record of the mortgage, which the judge of probate certified to be a true, correct and complete copy of the mortgage as it appeared on the record of the probate office of Coffee county, Alabama, in book 18, at page 52 (and that the record of said mortgage is not marked satisfied). The defendant objected, because the record itself was the best evidence, and a proper predicate had not been laid for the introduction of the transcript. The court admitted it, with the exception of the words included in parenthesis, above, and that part of the certificate was excluded, and the jury instructed that it was not before them, and must not be considered as evidence that the mortgage was not satisfied. In this there was no error. The original mortgage, with the indorsement of the probate judge of its record had been previously introduced by plaintiff, without objection; and this certified transcript,—with the objectionable words, "and the record of said mortgage is not marked satisfied," stricken by the court from the certificate as not properly belonging to it,—was merely cumulative of the evidence, already offered, in the shape of the original mortgage and its record, and its certified transcript, like the original, was unobjectionable as additional proof to prove a relevant, material fact. The Code, section 1816, prescribes that "all transcripts of books or papers required by

law to be kept in the office of any public officer, when certified by the proper custodian thereof, must be received in evidence in all courts." Mortgages are required to be recorded and kept in the office of the probate judge.—Code, §§ 985, 2643.

The defendant testifying, stated that he had had another mortgage on plaintiff, besides the one sued on, and plaintiff had given him notice to mark that one settled, and he wrote to the judge of probate of Elba asking him to mark it satisfied on the record, which he did, though the evidence tended to show it had not been done. He also stated, that soon after getting the notice from plaintiff, as given on June 26, 1899, as he had already testified, he wrote to the judge of probate to mark on the record the satisfaction of this mortgage. The plaintiff asked the defendant if he had in his possession a copy of this letter he had written to the judge of probate. He replied he had, and produced the letter, which was dated July 13, 1897, and requested the judge to mark the record of the mortgage in *Book* 13, page 52, as settled. The defendant objected to the introduction of the copy of this letter produced by defendant, on the grounds, that no predicate had been laid for the introduction of secondary evidence, and that the original should be produced, or its loss or destruction shown. The court properly admitted the copy. While it is the general rule, that copies of letters are not original evidence, and without notice to produce the originals, or properly accounting for their absence, are not admissible in evidence, yet that rule has its exceptions. The defendant had testified to writing this letter, and he might, for plaintiff's use, have declined to produce a copy and required him to introduce the original or satisfactorily account for its loss or destruction, before introducing secondary evidence of its contents; but he did not do this. He produced the copy, and furnished it to plaintiff at his request on the trial, and by so doing he admitted its correctness, thereby waiving the production of the original. When he produced the copy, and gave it to plaintiff, admitting its correctness, the reason of the rule in the interest of defendant for

[Barnett v. Wilson.]

requiring the original, lest there might be errors in the copy, was satisfied. The copy was an admission by defendant of all that the original contained, and this was all he was entitled to. No possible harm was done him in the introduction of the admitted copy of a letter, under which defendant was claiming an interest.—1 Gr. Ev., § 571.

The evidence on the sole question in the case, as to whether the plaintiff gave the proper notice to defendant, to enter satisfaction of the mortgage on the record, was in conflict. The court at the request of the plaintiff gave the affirmative charge, which is never proper when the evidence is conflicting. It is said, however, that the bill of exceptions does not purport to set out all the evidence, and that under the uniform rulings of this court, we must presume that other evidence was offered, which rendered the ruling free from error.

If the evidence set out in the transcript were all that was introduced on the trial, as there was conflict, the general charge could not have been properly given; but as the bill of exceptions does not purport to set out all the evidence, as we have uniformly held, we will presume in favor of the correctness of the ruling of the lower court, that there was other evidence to justify the charge given.—*Childs v. The State,* 58 Ala. 349; *Evansville Packet Co. v. Slatter,* 101 Ala. 245. The judgment below is affirmed.

Affirmed.