# Wolf, *v. Do ex dem.* Delage, *et al.*

## *Ejectment.*

(Decided Feb. 14, 1907.  43 South. 856.)

1. *Trial; Instructions; Weight of Evidence.*—Where the evidence is without conflict and establishes plaintiff's right to recover, the court may instruct the jury that if they believe the evidence, they should find for the plaintiff, but it is error to add to such charge anything that would indicate what the court thought they ought to find since that is invasive of the province of the , jury.

2. *Appeal; Bill of Exceptions; Failure to Set Out all the Evidence; General Charge.*—Where the general charge is asked and given and the bill of exceptions does not purport to set out all the evidence it will be presumed on appeal that there was evidence on the trial to support the charge given.

3. *New Trial; Grouds.*—The court is authorized to grant a new trial when it has reason to believe a jury has erred either through caprice or ignorance as to the credibility of the testimony, since the court has superintendence of juries in matters of fact.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by John Doe on the demise of Delage and others against Richard Roe and others. The facts sufficiently appear in the opinion of the court. There was judgment for defendant and on motion this judgment was set aside and a new trial granted, and from the judgment granting the new trial this appeal is prosecuted. Affirmed.

B. F. McMILLAN, JR., and R. P. ROACH, for appellant.—The court erred in granting a new trial. 1st, because the finding of this verdict was the function that could only be performed by the jury notwithstanding the court gave the affirmative charge for the defendant —*Davidson v. The State, ex rel Woodruff*, 63 Ala. 432; *Crutcher v. Railroad Co.*, 38 Ala. 582; *Felming & Hinds v. L. & N. R. R. Co.*, 41 South. 323. 2nd, because the facts alleged in the motion are not proven and as a matter of record, were not true.

J. H. WEBB, and SHELTON SIMS, for appellee.—The trial court did not err in setting aside the verdict and in giving a new trial.—*Fleming & Hinds v. L. & N. R. R. Co.*, 41 South. 683; Cent. Dig. § 132. Where the bill of exceptions does not purport to set out all the evidence the action of the trial court will be presumed to be correct.—*Barnett v. Wilson*, 132 Ala. 375.

HARALSON, J.—At the conclusion of the evidence, the court charged: "If the jury believe the evidence they should find for the plaintiff, for the land described in the complaint," but they returned a verdict for the defendants.

Thereupon, the plaintiffs moved the court to set aside the verdict because it was contrary to the charge of the court. The court granted the motion and the verdict was set aside. The only assignment of error is, that "the court erred in granting plaintiffs' motion to set aside the verdict of the jury." The evidence in the case is set out in the transcript but it is not stated that what there appears was all the evidence. As no errors are assigned upon the admission or exclusion of evidence, we make no reference to these matters further than to say, "When the evidence, though partly oral, is without conflict, and establishes the plaintiff's right to recover, the court may instruct the jury, 'If they believe the evidence, they must find the issues in favor of the plaintiff;' but it is error to add anything to this charge that would indicate how the court thought they ought to find, since

that would invade their province.'"—*Davidson v. Woodruff*, 63 Ala. 432.

"If important, it would not be improper to state, that when the general charge is given and the bill of exceptions does not purport to set out all the evidence, we will presume, in favor of the correctness of the ruling of the lower court, that there was evidence to justify the charge given."—*Barnett v. Wilson*, 132 Ala. 375, 31 South. 521.

In some other jurisdictions, we find that "a verdict that is contrary to the instructions will be set aside."— *Jones v. Lynch*, 54 Ga. 271; *Thornton v. Lane*, 11 Ga. 459. "A verdict founded on a disbelief of clear and undisputed evidence will be set aside."—*Cunningham v. Gans*, 79 Hun, 434, 29 N. Y. Supp. 979. "While the credibility of witnesses is for the jury, yet where it is apparent that the jury acted arbitrarily in rejecting the testimony of material witnesses, a new trial will be granted."—*Ernst v. Tombler*, 1 Lehigh Val. Law Rep'r (Pa.) 133.

"The court has the superintendence of juries in matters of fact, and will grant a new trial when it has strong reason to believe a jury has erred, capriciously or ignorantly, as to the credibility of the testimony."— *Burt v. Stackney*, 2 Mill, Const. (S. C.) 323. "A verdict rendered in disregard of instructions given, though erroneous, is against the law, and should be set aside." —*Murray v. Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; 37 Am. Dig. (Cent. Ed.) 975, 991.

In our own court, quite recently, we held, that the granting of a new trial because the jury disregarded instructions that plaintiff could only recover nominal damages, was proper, without regard to whether the instructions were erroneous. It was very pertinently and correctly said in that case: "It is essential to an orderly administration of justice, that juries should obey the instructions of the court. If the court is in error in giving instructions, the jury should, nevertheless, obey the instructions and the injured party would have recourse by appeal to this court, which is the proper forum to pass upon the actions of the trial court."—

*Fleming v. L. & N. R. R. Co.,* 148 Ala. 527, 41 South. 683.

We fail to discover any reason for setting aside the order of the lower court in granting a new trial.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.