# Baker *v.* Patterson.

*Trover, Detinue and Trespass.*

(Decided April 3, 1911. Rehearing denied May 5, 1911. 55 South. 135.)

1. *Mortgages; Second Mortgage; Trover.*—A second mortgagee of chattels has a mere lien on the property not sufficient to support the action of trover, or detinue.

2. *Landlord and Tenant; Lien; Right to.*—Hancock rented lands from Patterson during the years 1907 and 1908, at the end of which

[Baker v. Patterson.]

time Patterson claimed that Hancock owed a balance for rent and advances which Hancock denied, and declared his intention not to rent again from Patterson. Hancock, however, leased the same premises from Riddle for the year 1909, it being recited in the lease that he was due Patterson a certain amount for rent and advances, and it was agreed in the contract that Riddle would procure a transfer of such balance to himself. Hancock executed a mortgage to Riddle April 3, 1909, having previously executed a mortgage to Baker. It appeared that at the time suit was brought Hancock had paid Riddle all he owed for advances and rent for the year 1909, Riddle transferred his mortgage to Patterson without recourse soon after its execution. Hancock had not paid Patterson any part of the balance claimed for the previous year. Held, that Riddle's mere agreement to pay such balance to Patterson, which agreement was not performed, was not sufficient to create any lien therefor in Riddle, and Hancock being no longer the tenant of Patterson for the year 1909, Patterson acquired no landlord's lien for such balance.

3. *Charge of Court; Directing Verdict.*—Where there is a conflict in any material matter at issue, or where reasonable inferences may be drawn from the evidence unfavorable to the party requesting it, the affirmative charge cannot properly be given.

4. *Appeal and Error; Review; Presumptions.*—Where the bill of exceptions does not purport to set out all the evidence or all its tendencies, any state of the evidence will be presumed to sustain the ruling of the trial court.

5. *Same.*—If the bill of exceptions does not purport to set out all the evidence, yet if it shows that plaintiff produced evidence to support his complaint, and that the defendant also introduced evidence of fact, which if true, constituted a complete defense, it will not be presumed from the fact that the court certified to the bill that there was other evidence omitted from the bill which would justify a general charge in favor of the plaintiff.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Action joining trover, detinue and trespass on the case brought by A. K. Patterson again D. W. Baker. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GEORGE A. SORRELL, for appellant. The court erred in giving the plaintiff the affirmative charge.—*Daniel's case,* 122 Ala. 362; *L. & N. v. Lancaster,* 121 Ala. 471; *Anderson's case,* 109 Ala. 121. In order to maintain an action on a case for destruction of a lien it is essential to be shown that the defendants had done some act by

which the lien was destroyed or rendered incapable of enforcement, on the property.—*Ehrman v. Oates,* 101 Ala. 644; *Shepherd v. Taylor,* 105 Ala. 507; *McCarty v. Roswald,* 105 Ala. 511. Under the facts in this case, plaintiff had no title under the mortgage that would support detinue or trover and had no landlord's lien.

RIDDLE, ELLIS, RIDDLE & PREUT, for appellee. The bill of exceptions does not purport to set out all the evidence or all the tendencies of the evidence, and it will be presumed that there was evidence justifying the action of the trial court in directing a verdict for the plaintiff. —*Southern M. I. Co. v. Holcomb,* 35 Ala. 327; *Postal T. Co. v. Hulsey,* 115 Ala. 125; *Lamar v. King,* 53 South. 279.

SAYRE, J.—Appellee sued appellant, joining counts in trover, detinue, and trespass on the case for a destruction of plaintiff's alleged lien as a landlord. The purpose of the suit was to recover a bale of cotton, or its value, which had been grown by one Hancock during the year 1909, and delivered by him to defendant in part payment of a crop mortgage made by Hancock to defendant, and duly recorded March 22, 1909. Plaintiff put forward his claim in two aspects: First, as assignee of a mortgage which Hancock had made to D. H. Riddle on April 3, 1909, transferred by him to plaintiff on April 6th thereafter; second, as to the holder of a landlord's lien.

1. The mortgage under which defendant claimed conveyed the legal title, and antedated the mortgage to Riddle under which the plaintiff claimed, thus leaving with plaintiff a mere lien if anything. A mere lien will not support actions in trover or detinue.

2.    Plaintiff's alleged landlord's lien is claimed to
have arisen in some way out of the following facts:
Hancock had rented the farm where this bale of cotton
was grown from plaintiff during the years 1907 and
1908.    At the end of the year 1908, plaintiff claimed
that Hancock owed him a balance on advances.    This
claim Hancock denied, and announced his purpose not
to rent from plaintiff for another year.    But he accepted
a lease of the same premises from Riddle.    It is not
denied, and every circumstance goes to show, that plain-
tiff was a party to this arrangement, though he entered
into no formal writing.    In the contract of lease between
Riddle and Hancock, it was recited that Hancock was
indebted to plaintiff for a balance from previous years,
which balance was secured either by mortgage or land-
lord's lien, and it was set down in the contract that
Riddle was to procure a transfer to himself of plain-
tiff's claim, and should retain the same liens that plain-
tiff had.    No mortgage from Hancock to plaintiff was
shown in evidence, and plaintiff, when testifying as a
witness in his own behalf, definitely based his claim
upon the mortgage which he held by assignment from
Riddle.    It also appeared without contradiction that
at the time Hancock sold the bale of cotton in contro-
versy to defendant, in the fall of 1909, Hancock had paid
Riddle all rent and for all advances furnished by the
latter during the year.    Plaintiff testified, to quote his
language: "Mr. Riddle settled the debt between me and
the negro (Hancock), and he agreed to give me this
mortgage; that is, the mortgage given him by the negro
and the mortgage here offered in evidence in settlement
of the matter between me and him.    There is over $100
due on this mortgage now after allowing the negro credit
for everything he has ever claimed."    This mortgage to

Riddle, dated April 3, 1909, was made to secure any then present or future indebtedness, and was indorsed to plaintiff as follows: "The within debt and property is transferred and conveyed to A. K. Patterson without recourse on me, for value received." This indorsement was dated April 6, 1909. Assuming that this transfer carried with it any security Riddle had apart from his mortgage, the question is what security he had. He had no lien created by law because his mere agreement to pay was not an advance of money or other thing of value for the sustenance or well-being of the tenant or his family or other purpose to subserve which the statute creates a lien in favor of the landlord. The tenant neither got the money nor any relief in accordance with the statutory purpose by Riddle's temporary assumption of the debt, if, indeed, there was a debt and he did become temporarily responsible for it. Nor was there a lien created by law in favor of plaintiff, for Hancock was no longer his tenant when the cotton was grown. We are therefore of opinion that on the evidence shown in the record plaintiff was not entitled to recover on the third count.

It has been uniformly held that the affirmative charge should not be given where the evidence is in conflict as to any material fact in issue, or where from the evidence reasonable inferences may be drawn unfavorable to the party requesting the charge.—*L. & N. R. R. Co. v. Lancaster,* 121 Ala. 471, 25 South. 733.

And it has been repeatedly said that where the bill of exceptions does not purport to set out the entire evidence, nor all its tendencies, any state of the evidence will be presumed which would sustain the ruling of the trial court. In a number of cases, it has been held that a bill of exceptions, framed after the fashion of the bill

in this record, does not purport to contain all the evidence upon which the case was tried in the court below. —*Southern Mutual Ins. Co. v. Holcombe*, 35 Ala. 327; *Lewis Land Co. v. Interstate Lumber Co.*, 163 Ala. 592, 50 South. 1036; *Lamar v. King*, 168 Ala. 285, 53 South. 279. In the case at bar there were no pleadings save the complaint and the general issue.

It is shown that the plaintiff introduced evidence to support the complaint. It is further shown that the defendant then introduced proof of facts which, in view of the law of the case as we have stated it, constituted a perfect defense to every aspect of the case alleged in the complaint and sustained by plaintiff's evidence. The court gave the general affirmative charge for the plaintiff. This action of the court, and its refusal of a similar charge to the defendant, raise the only questions presented for review. Does the rule hitherto stated in respect to presumptions in favor of the rulings in the trial court require that we shall presume in the presence of this record that the plaintiff abandoned the only case the record tends to support and establish beyond dispute, for an entirely different case of which the record gives no intimation? And shall we presume that the court below has certified to this court a bill of exceptions which contains evidence foreign to the issue tried in that court, and omits all reference to the evidence which formed the basis of the court's ruling? Only so can the record be relieved of the fact, now appearing on its face, that the plaintiff was not entitled to the general charge. No introduction into the record of presumed evidence, relevant to the issues joined, can eliminate that fact. As long as the evidence shown by the bill of exceptions to have been offered by the parties is allowed to stand as identifying the issues of fact between the par-

ties and constituting at least a part of the evidence upon which those issues were determined, the only effect of presuming other evidence favorable to the plaintiff will be to establish a case of conflict. To presume more than this would set up a rule destructive of all bills of exceptions. There have been many decisions in this court touching this subject. They do not require, nor do they permit, a presumption contradictory of the record. In *Gaines v. Harvin*, 19 Ala. 491, the trial court gave the general charge. The bill of exceptions did not contain all the evidence. The court said: "We have hitherto decided that, where a party seeks to review a charge like this, he must show one of two things: First, that the evidence was conflicting, and that, therefore, the court had no authority to give such charge, as its effect in such case would be to withdraw from the jury the consideration of conflicting proof; or, second, the record must set out all the proof, so that this court may be able to determine whether the charge was correct as predicated upon it, either as being sustained by it on the ground of its insufficiency, or as authorized by it by reason of there being no conflict or dispute in regard to it." This is a correct statement of the rule, and we apprehend there has been no intention to depart from it. Such cases as *Evansville Packet Co. v. Slatter*, 101 Ala. 245, 15 South. 241, *Hunt v. Johnson*, 96 Ala. 130, 11 South. 387, and *Hood v. Pioneer Co.*, 95 Ala. 451, 11 South. 10, sometimes cited in the line of cases which treat this question, are not in point. In those cases the issues of fact were tried by the court without a jury, and on appeal this court was passing upon the weight of the evidence, not upon the propriety of instructions to the jury. There are many cases to the effect that, in the absence of a statement in the bill of exceptions that it contains

[Baker v. Patterson.]

all the evidence, such state of the evidence will be presumed as will save charges given in the trial court from being condemned as abstract. Such are *Childs v. State*, 58 Ala. 349, and *Postal Telegraph Co. v. Hulsey*, 115 Ala. 193, 2 South. 854. In *School Commissioners v. Godwin*, 30 Ala. 242, plaintiffs, suing to recover school lands for the state, made out a prima facie case. But if defendant proved that he had paid the purchase money for the land, about which the bill of exceptions said nothing, he had a valid defense. The court charged for the defendant. The bill of exceptions did not contain all the evidence. It is clear that proof of payment of the purchase money might be inferred without contradicting the bill of exceptions and without putting the evidence in conflict, and for this reason the presumption was indulged that the money had been paid and the general charge for the defendant properly given.— *Fleming v. Ussery*, 30 Ala. 282, and the cases cited to *Sanders v. Steen*, 128 Ala. 633, 29 South. 586, seem to proceed upon the same principle. In *Sanders v. Steen* there were replications. This court sustained the general charge for the plaintiff, saying: "Non constat, one of the plaintiff's replications was proven." It seems very clear that this language would not have been used if the bill of exceptions had recited any evidence going to disprove the replications. And so we think all the cases are to be read and understood. In *Barnett v. Wilson*, 132 Ala. 375, 31 South. 521, alone of all our cases, so far as we have been able to locate them, has it ever been said that a presumption will be indulged in favor of the general charge in a case where the evidence was shown to be in conflict. That case cited *Childs v. State*, 58 Ala. 349, and *Evansville Packet Co. v. Slatter*, 101 Ala. 245, 15 South. 241, to which we have referred

[Baker v. Patterson.]

as sustaining a different theory. It is certain that the case cited in *Barnett v. Wilson,* and to which we have referred, do not sustain that case in respect to the presumption to be indulged in favor of the general charge in a case where the evidence relevant to decisive issues is shown to be in conflict.—*Barnett v. Wilson* is cited in *Wolf v. Delage,* 150 Ala. 445, 43 South. 856. But that case was determined upon a principle entirely different. The trial court had given the general charge for the plaintiff with hypothesis that they believed the evidence, but the jury had returned a verdict for the defendant. Thereupon the court set aside the verdict, and from that judgment the cause was appealed to this court. The court quotes as follows: "If important, it would not be improper to state that, when the general charge is given and the bill of exceptions does not purport to set out all the evidence, we will presume, in favor of the correctness of the ruling of the lower court. that there was evidence to justify the charge given"—citing *Barnett v. Wilson.* It is to be noted that this language is not to be found in *Barnett v. Wilson,* and that it does not purport to state a rule for cases in which there is a conflict in the evidence. The court does not say what the jury should have done if they did not believe the evidence, as perhaps they did not, but put the case off on the proposition that, whatever the evidence, the jury should have found as they were instructed to find.

We are now of opinion that *Barnett v. Wilson,* so far as it conflicts with what has been said, should be overruled. From this ruling, however, McClellan, J., dissents. He thinks that case was correctly decided, and that it ought to control the disposition of this case. The rest of us think the action of the trial court in giving the general affirmative charge for the plaintiff is

[Baker v. Patterson.]

properly presented for review. For reasons hitherto stated, we are of opinion that the court below committed error in giving the general charge for the plaintiff, and the judgment will be reversed.

Reversed and remanded.

. DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur. McCLELLAN, J., dissents in part.

McCLELLAN, J.—The following will indicate the grounds of my conclusion that the doctrine of *Barnett v. Wilson*, 132 Ala. 375, 31 South. 521, from which my Brothers now depart, is sound:

First. Independent of the correctness vel non of the doctrine, stare decisis should forbid its overthrow after the doctrine, as pronounced in *Barnett v. Wilson*, has stood, and doubtless has been many times applied for at least nine years without criticism.—*Snider v. Burks*, 84 Ala. 57, 4 South. 225; *Herstein v. Walker*, 85 Ala. 40, 4 South. 262; I Burr, 419.

Second. The chief authority upon which the departure from the pertinent doctrine of *Barnett v. Wilson* is rested is *Gaines v. Harvin*, 19 Ala. 491, written by Justice Chilton. The following later decisions from his pen make it clear in my opinion that neither he, nor the court for which he wrote, regarded this feature of the pronouncement in *Gaines v. Harvin* as authoritative or its rule, in this particular, as binding in any degree.—*Jones v. Stewart*, 19 Ala. 701; *Barnes v. Mobley*, 21 Ala. 232. In the latter he did not cite *Gaines v. Harvin*, but did cite *Jones v. Stewart*, in which no account was taken of the doctrine of *Gaines v. Harvin*. To the contrary of *Gaines v. Harvin*, Justice CHILTON said, in *Barnes v. Mobley*: "It is impossible for this

7—171.

court to say that the circuit court erred in charging the jury that, if they believed all the proof, the plaintiff was not entitled to recover, *for the simple reason that all the proof is not set out in the bill of exceptions.* * * * It is indispensable, when the party desires to review such charge as this, that the record should *state all the proof upon which it was predicated;* otherwise this court cannot say the court below acted contrary to law, *as the data for such conclusion is not furnished by the bill of exceptions.* * * * It has been several times decided that, when the legality of the charge depends upon the proof, the party insisting upon its incorrectness must affirmatively show error by setting out the proof in the bill of exceptions." (Italics supplied.) This doctrine of *Barnes v. Mobley* has been since expressly and in unmistakable terms approved, as upon its authority, in the following decisions: *Bradley v. Andress,* 30 Ala. 80, 82; *Lovett v. Chisholm,* 30 Ala. 88, 90; *Stein v. Feltheimer,* 31 Ala. 57, 58; *Com'rs v. Godwin,* 30 Ala. 242, 244; *Wyatt v. Stewart,* 34 Ala. 716, 721, 722; *Taylor v. McElrath,* 35 Ala. 330, 333. These decisions cite others in support of the doctrine.

Third. Aside from the impediment to review in such cases, to which this court wrote in *Barnes v. Mobley,* above quoted, and in its many successors, the rule as a matter of substantive law of *Gaines v. Harvin* has in my opinion been repudiated by the broad, comprehensive, and unqualified pronouncements in these cases, among others cited in brief for appellee; *Alexander v. Alexander,* 71 Ala. 297; *M. & E. Ry. Co. v. Kolb,* 73 Ala. 405, 49 Am. Rep. 54; *Barnes v. Mobley, supra; Com'rs v. Godwin, supra; Jones v. Stewart, supra; Taylor v. McElrath, supra; Keep v. Kelly & Levin,* 29 Ala. 322, 324; *Lovett v. Chisholm, supra.* And it will be

[Baker v. Patterson.]

found, according to Shepard's Annotations, that this feature of the rule of *Gaines v. Harvin* has not been approved since *Spence v. Johnson,* 45 Ala. 409, delivered during the January Term, 1871, approximately 40 years ago; and then the court joined it, in citation, with its opponent in announcement of doctrine, *Barnes v. Mobley, supra.* And it does not appear from the work of the annotator that *Spence v. Johnson* or *Gaines v. Harvin* has been since cited upon this particular proposition.

The ground of the decision in this particular in *Barnett v. Wilson* and of its predecesors in declared principle in one aspect is the presumption that attends review of action below; the obligation being on the appellant to overcome the presumption and to show error. Where, as here, the bill does not purport to contain all or substantially all of the evidence upon which the trial court acted, obviously no conflict with the record is instituted by the application, to avert error, of the presumption that there was other evidence before the court. So the only lead to the institution of a contradiction of the record by the application of the presumption in such cases must be found in the character of the evidence the appellate court, with the purpose to avert error would assume as having been before the trial court along with that set out in the recitals of the bill. Of course, the presumption cannot contradict the record. But does the application of the presumption do so when only the evidence set forth in the bill—less than all, or substantially all, the evidence adduced on the trial—shows a conflict therein on the issue or issues before the court? To so affirm necessarily restricts the operation of the presumption to that effect, and to that character, of evidence recited in the bill opposed to the propriety of the action taken by the trial court. The doctrine of

*Alexander v. Alexander, supra,* and *M. & E. Ry. Co. v. Kolb, supra,* do not in my opinion justify such a restriction of the operation and effect of the presumption. In the former it was said, at page 297, of 73 Ala. in announcement of the general rule: " * * * And, when an affirmative charge is given which would be correct *on any state of facts,* we presume that there was testimony which authorized the charge, unless the record affirmatively shows the contrary" (italics supplied). And in the latter (*M. & E. Ry. Co. v. Kolb*), citing, at page 405 of 73 Ala., *Alexander v. Alexander* as authority, it was said: "The bill of exceptions *does not* purport to set out *all* of the evidence, and we must presume there was testimony to justify all the rulings of the court, if, *under any state of proof,* they would be free from error. * * * The question, then, is, did the court correctly declare the law, *upon any possible state of testimony bearing on the question.* (Italics supplied.)

So far as the writer can find, the quoted doctrine of these decisions has not been doubted or qualified. If this quoted doctrine is accepted as adjudged to finality here, the indicated restriction of the operation of the presumption cannot in my opinion stand; for the presumption "of any state of proof," or "of any state of facts," or "of any possible state of testimony bearing on the question," expressly refutes the limitation of that application of the presumption to evidence consisting only with that opposed to the view enforced by the trial court in giving the affirmative charge.

In the light of these considerations, I cannot concur.