(97 South. 630)

## CARPENTER v. DUKE BROS. FURNITURE CO. (7 Div. 414.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. **Frauds, statute of ⚙️159—Direction of verdict on conflicting evidence held erroneous.**

In an action on an account for a coffin sold to a third person on defendant's order, where the evidence was conflicting as to whether it was delivered to such third person on his sole credit, on defendant's credit as surety only, in which case the statute of frauds would prevent recovery, or on defendant's original promise to pay, the court erred in directing a verdict for plaintiff.

2. **Appeal and error ⚙️696(2)—Direction of verdict on conflicting evidence erroneous, though bill of exceptions fails to recite that it contains all the evidence.**

Where the evidence was obviously conflicting, direction of a verdict will be held erroneous, though the bill of exceptions fails to recite that it contains all the evidence.

3. **Appeal and error ⚙️938(3)—No presumption of mistake in record showing general charge for appellee at its request.**

No presumption of mistake in the contents of a record showing that a general charge for appellee on conflicting evidence was given at its request can be indulged to save a reversal, though the record also shows refusal of another charge requested by appellee to the same legal effect.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Action by the Duke Bros. Furniture Company against Doyle Carpenter. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Reversed and remanded.

The complaint declares upon an account, for goods, etc., sold to defendant for Joe Lindsey, and for a casket sold to Joe Lindsey on the order of defendant.

Pruet & Glass, of Ashland, for appellant.

It was error to give the affirmative charge for plaintiff. Ala. Gold L. I. Co. v. Mobile L. I. Co., 81 Ala. 332; Tyree v. Lyon-Murphy Co., 67 Ala. 5.

E. P. Gay, of Ashland, for appellee.

Where the bill of exceptions does not purport to contain all the evidence on appeal, it will be presumed the affirmative charge was warranted by the proof. McElhaney v. State, 24 Ala. 71; Doe v. Goodwin, 30 Ala. 242; Barnes v. Mobley, 21 Ala. 232; McReynolds v. Jones, 30 Ala. 104; 7 Mayf. Dig. 134.

SAYRE, J. [1] We are clear to the conclusion that the evidence was in conflict as to whether appellee let Joe Lindsey have the coffin on the sole credit of Joe, in which case, of course, there could be no recovery against appellant; on the credit of appellant as surety only, in which case the statute of frauds would prevent a recovery; or on the original promise of appellant to pay, that is, to become originally and jointly liable with Joe on consideration that appellee then would let Joe have the coffin, in which event appellant was liable; and that, for this reason, the trial court committed error in giving the general affirmative charge requested by plaintiff, appellee. L. & N. R. R. Co. v. Lancaster, 121 Ala. 471, 25 South. 733.

[2] Nor do we think the indicated result can be avoided on the ground that the bill of exceptions fails to recite the fact that it contains all the evidence. There was an obvious conflict in the testimony of the parties interested and of the witnesses who may reasonably be assumed to have knowledge of the transaction in question, and no introduction into the record of presumed evidence, relevant to the issues joined, can eliminate the fact of such conflict. Baker v. Patterson, 171 Ala. 88, 55 South. 135.

[3] Appellee suggests that the general charge was not given at its request; but the record shows that it was, and no presumption of mistake in its contents can be indulged to save a reversal. True, the record shows also the refusal of another charge, requested by appellee, to precisely the same legal effect, but that, we must assume, the court refused, because it had already given the charge, and, of course, we need not recur to the fact that charges refused have no possible effect with the jury.

On the record before us, we see no recourse but to reverse the judgment.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.