154 So. 606

### FEDERAL INTERMEDIATE CREDIT BANK OF NEW ORLEANS v. FAULK.

4 Div. 757.

Supreme Court of Alabama.

March 29, 1934.

Rehearing Denied May 24, 1934.

622

John W. Rish, of Dothan, for petitioner.

Mulkey & Mulkey, of Geneva, opposed.
Brief did not reach the Reporter.

BOULDIN, Justice.

Maybe the Court of Appeals, in its final decision, placed the presumption in favor of the trial court on too restricted basis in saying: "We must assume that there was testimony (omitted from the bill of exceptions) showing conclusively that the check here in question was actually paid."

The opinion recites there was evidence in the bill of exceptions that it was never paid.

Petitioner here relies on the rule as stated in Doe ex dem. School Commissioners v. Godwin, 30 Ala. 242, 244, viz.: "That when an affirmative charge is given, which is correct as an abstract legal proposition, this court will presume there was evidence to justify the charge, unless it affirmatively appear to the contrary."

Obviously, there may have been uncon tradicted states of fact in evidence under which the drawer became entitled to a credit therefor although not actually paid by the bank issuing such cashier's check. Appellate courts will not cast about for surmises as to what may have been the state of the evidence not shown in the bill of exceptions. Trial judges, knowing the presumptions indulged on appeal, may sign a bill of exceptions presenting only one side of the picture.

We concur with the Court of Appeals in holding that, where the bill of exceptions does not purport to set out the evidence in full. or else affirmatively shows there was no other evidence upon which the affirmative charge could be given, the giving of such charge cannot be reviewed on appeal. It is not necessary to limit the presumption to proof of actual payment as indicated by the above-quoted language. Whether such presumption should be indulged, if necessary to sustain the trial court, we think there is no

need to decide, and therefore withhold expression of opinion.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.